# R. L. WETHMEIER, Appellant, v. A. C. YONTZ, Respondent.

### Kansas City Court of Appeals. December 5, 1921.

1. **SALES: Delivery: Notice: Where Delivery is at Option of Buyer the Seller is Entitled to Reasonable Time after Notice to Make Delivery.** Where the time of delivery is at the option of the buyer, the seller is entitled to reasonable time after notice to make delivery.

2. ————: ————: **Reasonable Time for Delivery Determined by Circumstances and is a Question for the Jury.** What is reasonable time for delivery of livestock or other chattels is to be determined by the circumstances, and whether the chattel has been delivered and tendered within a reasonable time is a question for the jury.

3. ————: **Usage: Usage at Place of Delivery Known to Both Parties to Sale, is Competent Evidence as to What Would be Reasonable Time for Delivery.** Usage at the place of delivery, if known to both parties, is competent evidence going to the question of what would be reasonable time for delivery.

4. ————: **Notice: Delivery: Where Buyer has Option of Fixng Time of Delivery, Seller has Reasonable Time after Notice to Make Delivery.** Where option is given to the buyer to fix the time and the seller has no previous notice of time in which delivery must be made, then he is allowed a reasonable time after notice by the buyer of the time fixed by the latter for the delivery.

5. ————: ————: **Reasonable Time Doctrine: Where Buyer had Option as to Time of Delivery Reasonable Time for Delivery after Notice, not Affected by Notice Delivery Would be Made on Day Fixed nor by Attempt to Deliver on Said Day as Demanded by Buyer.** Where plaintiff notified defendant that he would deliver hogs on a certain day, unless the conduct of the parties in reference to delivery on said day constituted a modification of the original contract and was based upon a sufficient consideration, the rule as to reasonable time for delivery after notice from the buyer obtains, and plaintiff was not required to deliver by midnight of day named unless under all circumstances that was a reasonable time within which delivery should have been made, and the fact that an effort was made to make delivery on said day might have a bearing as to whether delivery on that day would be required under the reasonable time doctrine.

6. ————: Whether Attempted Delivery was Made at and Within a Reasonable Time Held a Question for Jury. Whether an attempt to deliver hogs was made within a reasonable time after receipt of notice by plaintiff from defendant that hogs should be delivered,. and whether midnight on the day of notice was a reasonable time of day to offer to deliver the hogs, the defendant being present at the stock yards at the time the hogs were being weighed to him, *held*, under evidence, to be a question for the jury

7. ————: Tender: Defendant Having Refused to Permit Any More Hogs to be Weighed to Him Plaintiff was Relieved from Making any Further Tender. Where defendant refused to permit any more hogs to be weighed to him, plaintiff was relieved from making any further tender.

Appeal from the Circuit Court of Moniteau County.— *Hon. John G. Slate,* Judge.

REVERSED AND REMANDED.

*S. C. Gill* and *J. B. Gallagher* for appellant.

*Embry & Embry* for respondent.

BLAND, J.—This is a suit to recover the difference between the contract price and market value of hogs sold by plaintiff to defendant, which defendant refused to take as it is alleged he was required to do by the contract, $500 deposit to fulfill the contract and $140.15 upon account had between plaintiff and defendant. The answer pleads that plaintiff breached his contract by failing to deliver the hogs at the agreed time, admits that defendant owed plaintiff the $140.15 and asks judgment for the difference between that and the $500 deposited to secure the performance of the contract, which defendant pleads was liquidated damages. There was a trial before a jury and at the conclusion of all the testimony the court peremptorily instructed the jury to bring in a verdict for the defendant as prayed in his answer. There was a verdict in accordance with this instruction and plaintiff has appealed.

In view of the peremptory instruction we take the evidence in its most favorable light to plaintiff. The

facts show that on October 3, 1919, plaintiff and defendant entered into the following contract:

"Tipton, Mo. 10-3-1919.

"R. L. Wehmeier sells A. C. Yontz 16000# Hogs @ $12.50 pr. 100# for the month of December, 1920, to be delivered at Tipton Mo. to be a straight load of Hogs 200 or better at A. C. Yontz's option. The sum of $500 being put by both parties to bind the bargain.

A C. YONTZ,    R. L. WEHMEIER."

Upon the execution of the contract each deposited the sum of $500. in the Traders Bank at Tipton, Missouri. At 9:30 A. M. of December 10, 1919, plaintiff received the following telegram from defendant—

Clarksburg Mo. 12/10

"R. L. Wehmeier,

"Tipton, Mo.

"The load of hogs I bought from you please deliver at Tipton Stock Yards today A. C. YONTZ."

Plaintiff did not have the hogs but procured the same from one Pulley and procured the service of a written notice upon defendant about five o'clock that afternoon that the hogs would be at the stock yards at Tipton, Mo. "as per contract" on the 10th day of December. Pulley brought the hogs from the country to the stock yards at Tipton; there were several wagon loads of them. These hogs corresponded with those mentioned in the contract as to amount, weight etc. They arrived at the stock yards before twelve o'clock midnight of December 10, and a greater portion of them had been weighed. To save time the weigh-master recorded the weights from Pulley to Wehmeier and at the same time made a copy of the weights and endorsed it "from Mr. Wehmeier to Mr. A. C. Yontz." Defendant was in the stock yards "looking after" and ready to receive the hogs. A few minutes after 12:00 o'clock midnight defendant held up his hand and said, who are you weighing these hogs to?" and on being told stated, "don't weigh any more hogs to me; it is twelve o'clock." As the hogs were weighed they were put into a pen. The evidence

shows that those present at the stock yards had lanterns by which they were able to examine the hogs. It was shown that when hogs were purchased at Tipton it was the custom for the buyer to notify the seller the day before he wanted delivery in order to give the seller ample time to make the delivery on the day desired.

It is admitted that the memorandum of sale was ambiguous as to whether the defendant was to have the option to purchase the hogs or merely had an option to name the time in December when the hogs were to be delivered. It is insisted by the defendant that the contract as shown by the construction made of it by the conduct of the parties meant that defendant was to fix the time in December at which the hogs were to be delivered; that the day fixed by the defendant was December 10, and as the hogs were not delivered by midnight of that day plaintiff violated the terms of his contract and defendant was entitled to recover the $500 deposit as liquidating damages.

There is no question but that the defendant construed the contract to mean that he had a right to set the time in December at which the hogs were to be delivered, and assuming that plaintiff by his conduct in notifiying defendant, after the receipt of defendant's telegram demanding the delivery of the hogs on December 10, that plaintiff would deliver the hogs on that day, and that it could be said as a *matter of law* that the parties construed the contract to mean that the defendant had the option of fixing the time in December for the delivery of the hogs, it does not follow that plaintiff was required to deliver the hogs on that day. Where the time of delivery is at the option of the buyer the seller is entitled to reasonable time after notice to make delivery. [35 Cyc. 182; Lumaghi v. Abt, 126 Mo. App. 221, 233; Bunyard v. Farman, 176 Mo. App. 89, 97.] This was as much a part of the original agreement as though it were written into it.

The question as to what is a reasonable time for the delivery of livestock or other chattels is to be determined

by the circumstances and whether the chattel has been delivered and tendered within a reasonable time is a question for the jury, and the usage in regard to the manner of delivery. under the circumstances present in this case if such usage at the place of delivery was known to both parties, was competent evidence going to the question of what would be a reasonable time for delivery. [Joseph v. The Andrews Co., 72 Mo. App. 551.] The case of Cousins and Hann v. Bowling, 100 Mo. App. 452, and like cases cited by the defendant, are not in point. In that case the contract provided that the chattel should be delivered on a certain day and the option to fix the time of delivery was not given to the buyer. There is a distinction to be drawn between the cases where the seller has full information at the time he executes the contract as to the time he is to make delivery, for he is to deliver at a time specified and he knows what is necessary for him to do in order to deliver at the specified time but where the option is given to the buyer to fix the time and the seller has no previous notice of the time in which delivery must be made then he is allowed a reasonable time after he is notified by the buyer of the time fixed by the latter for the delivery.

It is true that plaintiff notified defendant that he would deliver the hogs on December 10th. Unless the conduct of the parties in reference to delivery on that day constituted a modification of the original contract based upon a sufficient consideration, the rule as to reasonable time for delivery after notice from the buyer obtains, and the plaintiff was not required to deliver by midnight of December 10 unless under all the circumstances that was a reasonable time within which he should have delivered the hogs. Of course, the fact that he made an effort to make delivery on December 10 might have a bearing as to whether delivery on that day would be required under the reasonable time doctrine. The answer is not drawn on the theory that there was any modification of the original contract much less any such modification made upon a consideration flowing

from defendant to plaintiff. The answer alleges that "plaintiff wholly failed to deliver said hogs to defendant on said date, (Dec. 10) which under plaintiff's contract with defendant he was obligated and bound to do." Of course, the contract mentioned in the answer was the one executed on October 3, 1919.

We think that the court erred in peremptorily instructing the jury in favor of defendant, for the reason that the question was for the jury as to whether the attempt to deliver the hogs was made within a reasonable time after receipt of the notice by plaintiff from defendant that the hogs should be delivered on Dec. 10. Likewise the question as to whether midnight was a reasonable time of day to offer to deliver the hogs to defendant. Of course, the question of the reasonableness of the time the hogs were offered would depend on the circumstances. Defendant did not demand delivery until 9:30 A. M. of that day and was present at the stock yards at the time the hogs were being weighed to him and made no objection except that December 10 had expired. In view of this and all the other circumstances it was for the jury to say whether plaintiff's attempt to deliver the hogs was at a reasonable time of day. Of course, as the defendant refused to permit any more hogs to be be weighed to him, plaintiff was relieved from making any further tender. [In re National Bank of Adrian, 230 S. W. 358.]

The judgment is reversed and the cause remanded. All concur.