R. L. WEHMEIER, Respondent, v. A. C. YONTZ, Appellant.*

In the Kansas City Court of Appeals, December 3, 1923.

1. **SALES: Where Time of Delivery was at Option of Buyer, Seller was Entitled to Reasonable Time after Notice to Make Same.** Under a contract *held* the delivery of hogs was at the option of defendant and plaintiff was entitled to a reasonable time after notice to make delivery.

2. ————: **Delivery of Hogs Weighing as Close as Possible to Amount Purchased, Held Substantial Performance.** Under a contract to deliver 16,000 pounds of hogs to constitute a "load," the delivery of hogs which weighed as close to that amount as possible so that if another hog had been added it would have been overweight, *held* substantial performance by seller, particularly in view of the market being lower than the contract price, and buyer having notified seller to weigh no more hogs, the latter was not required

to weigh or tender further, and an instruction that buyer was not obliged to accept until hogs to amount of 16,000 pounds were weighed to him was properly refused.

3. **PLEADING**: Amendment: Amendment by Seller of Count for Actual Damages to One for Liquidated Damages, so as to Conform to Theory Insisted upon by Buyer, Held Proper. Where one count of seller's petition for breach of contract was for actual damages and another count was for liquidated damages, and buyer throughout trial insisted that the action should be regarded as for liquidated damages, it was proper for court, at close of evidence, to allow amendment of first count to conform to theory insisted upon by buyer and the dismissal of second count, even though evidence as to market value had been admitted under first count.

4. **INSTRUCTIONS**: An Instruction to Find Against Buyer on One Count Where His Liability was Conceded in His Answer, Held Proper. An instruction for seller to find against buyer on one count, was not error, where buyer's answer conceded the liability thereunder.

5. **EVIDENCE**: Customs and Usages: Where Custom is a Mere Evidentiary Matter to be Admissible in Evidence, it Need not be Pleaded. Custom as to delivery of hogs was merely evidentiary matter introduced to explain the intention of parties in the particulars of the contract, which was susceptible of explanation, and as bearing upon what was a reasonable time, *held* not necessary to have been pleaded to render the same admissible.

6. **APPEAL AND ERROR**: Appellate Court not Required to Discover Error in Instructions. Appellate court not required to search out to see wherein instructions are erroneous when nothing is stated as to the nature of the error nor of what it consists.

*Headnote 1. Sales, 35 Cyc, p. 182; 2. Sales, 35 Cyc, p. 203; 3. Pleading, 31 Cyc, p. 402; 4. Sales, 35 Cyc, p. 601; 5. Pleading, 31 Cyc, p. 49; 6. Appeal & Error, 3 C. J., Section 1589.

Appeal from Circuit Court of Moniteau County.—*Hon. Roy D. Williams,* Special Judge.

AFFIRMED.

*S. C. Gill* and *J. B. Gallagher* for respondent.

*Embry & Embry* for appellant.

215 Mo. App.—16.

TRIMBLE, P. J.—The present case makes its second appearance here. This time it is the defendant who appeals, but the first appeal was by plaintiff. [See Wehmeier v. Yontz, 208 Mo. App. 434.]

When the trial began, the petition was in three counts. The first alleged a contract for the sale by plaintiff to defendant of certain hogs which defendant, it was charged, refused to accept, wherefore judgment was asked for $555.27 damages, that being the difference between the contract and the market price.

The second count pleaded a contract for the sale of said hogs, wherein it was provided that each party should put up with a bank his check for $500 to be paid as a penalty to the other in case of violation of the contract on his part. It was then alleged that plaintiff performed but defendant refused to accept said hogs and refused to permit said check to be paid him, wherefore judgment for the $500 was asked.

The third count was a suit on account for $140.15 alleged to be due plaintiff from defendant.

The answer, in one count, set up the defense that plaintiff was the one who breached the contract by failing to deliver the hogs on the day agreed upon, subsequent to the contract, and charged that under the terms of said contract the sum of $500 was to be paid, as liquidated damages, by the party who failed to keep his contract, wherefore that amount was due from plaintiff. The answer admitted that, at the institution of the suit, there was a balance of $140.15 (the amount specified in plaintiff's third count), due plaintiff from defendant on account, which should be credited on the $500 due defendant from plaintiff leaving a balance of $359.85, for which defendant prayed judgment. Plaintiff duly filed reply.

At the close of all the evidence, the plaintiff, by leave of court, amended the first count of his petition, so that it, instead of seeking as damages the difference between the contract and market price, sought to recover the sum of $500 as liquidated damages; and when

this amendment was allowed, plaintiff dismissed the second count.

The jury returned a verdict for plaintiff in the sum of $500 on the first count, and for $140.15 on the third count.

On October 3, 1919, the parties entered into the following written contract:

"Tipton, Mo., 10-3-1919

"R. L. Wehmeier sells A. C. Yontz 16,000 lbs. Hogs at $12.50 per 100 lbs. for the month of December, 1920, to be delivered at Tipton, Mo., to be a straight load of hogs 200 lbs. or better at A. C. Yontz's option. The sum of $500 being put by both parties to bind the bargain.

"A. C. YONTZ

R. L. WEHMEIER."

Each deposited in bank his check for $500 payable to the other.

At 9:30 a. m., December 10, 1920, plaintiff received from defendant the following telegram:

"Clarksburg, Mo., 12-10

"R. L. Wehmeier

"Tipton, Mo.

"The load of hogs I bought from you please deliver at Tipton stock yards today.

"A. C. YONTZ."

Plaintiff did not have the hogs but he secured them, and, according to plaintiff's evidence, he caused to be served upon defendant at 5 o'clock that afternoon, a written notice that the hogs would be at the Missouri Pacific Stockyards in Tipton, Mo., "as per contract." (According to defendant's evidence, the notice had, immediately following the word "contract" these additional words: "this 10th day of December, 1920." The original was lost and the constable who served it was dead.)

The men from whom plaintiff obtained the hogs brought them on December 10, 1920, in several truck loads, to the stock yards at Tipton, arriving there after nightfall; and all but six or seven of them, or at least the greater portion of them, had been weighed before

12 o'clock that night. The weights, in order to save time, were made and copied, one being for the use of the sale from the men to plaintiff and the other for the sale by him to defendant. The defendant was there looking after the hogs and "he would inspect them as they came on and off the scales." As the hogs were being weighed they were put into a pen. Those at the yards had lanterns by which they could examine the hogs and see what they were doing. Defendant made no objection to anything that was being done until shortly after twelve o'clock when he held up his hand and asked, "Who are you weighing these hogs to?," and then said, "Don't weigh any more hogs to me; it is twelve o'clock," and refused to take them.

Plaintiff introduced evidence tending to show that it was the custom, when hogs were purchased, for the buyer to notify the seller the day before he wanted delivery, in order to give the seller sufficient time to make delivery on the day desired; that such custom was well known to both parties; that the hogs brought to the stock yards corresponded to those mentioned in the contract; and that the market price for such hogs in Tipton on December 10, 1920, was $9 per hundred pounds.

A motion has been filed by plaintiff praying the court to dismiss defendant's appeal on the ground that his statement violates our rule and that the brief fails to specify wherein it is claimed that the court erred. An examination of defendant's brief discloses that it is not entirely open to the charges brought against it in the motion, hence the motion to dismiss is overruled.

The construction to be given the contract in the light of the conduct of the parties, and other points, were decided upon the other appeal; and the evidence on the second trial is not of a character to reopen any of such questions so decided then.

In the former appeal the ruling was made that it was for the jury to say (1) whether the attempt to deliver was made in a reasonable time after notice to do

so was given, and (2) whether such attempt to deliver was at a reasonable hour of the day. [Wehmeier v. Yontz, 208 Mo. App. 435, 439.] It is urged that this time the trial court utterly disregarded the second issue above mentioned. Whatever may have been the issues involved in the former appeal, it would seem to be clear that at this trial no issue was raised that the attempt to deliver was made at an unreasonable hour, but only that the plaintiff did not deliver on the day specified. The answer says that "defendant was at the Stockyards in Tipton all during the day of December 10, 1920, ready and willing to receive said hogs from plaintiff according to contract, demand and plaintiff's notice, but notwithstanding the defendant was present, ready and willing to receive said hogs at the time and place aforesaid, the plaintiff wholly failed to deliver said hogs to defendant on said date, which under plaintiff's contract with defendant he was obligated and bound to do," and says nothing about an unreasonable hour. The evidence shows that defendant was present during the time the hogs were received at the stock yards and were being weighed; that he was inspecting the hogs as they came upon and went off the scales, and made no objection to receiving the hogs on account of the time of day they were offered for delivery but on account of the fact that the day, December 10th, had ended. There is nothing whatever to show that the refusal to accept was because the attempt to deliver was at an unreasonable hour. Defendant was there participating in what was being done, and making no objection that the hour of the day was unreasonable, but only that the contract called for delivery upon a certain day and the day had ended with the delivery incomplete.

Under the contract the delivery of the hogs was at the option of the defendant and plaintiff was entitled to a reasonable time after notice to make a delivery. [Wehmeier v. Yontz, 208 Mo. App. 434; 35 Cyc. 182; Lumaghi v. Abt, 126 Mo. App. 221, 233.] And the court in the instructions given in plaintiff's behalf properly

submitted the issue of whether the offer of delivery was made within a reasonable time.

It is contended that defendant's instruction G was erroneously refused. It told the jury that defendant was not obligated to accept the hogs until they were weighed to him and that plaintiff was compelled to weigh to defendant hogs to the amount of 16,000 pounds. The evidence is that hogs were delivered which weighed as close to that amount as possible, and if another hog had been added it would have been overweight. The contract itself as well as the telegrams sent by defendant to plaintiff show that the hogs were to constitute a "load" and the evidence shows that the hogs weighed and offered for delivery constituted a load. It would be almost impossible, if not wholly so, to deliver exactly 16,000 pounds of live hogs weighing "200 pounds or better" and in view of the market being then $3.50 per hundred lower than the contract price, defendant was not damaged by the slight variation under the 16,000 pounds. We think that there was substantial performance on plaintiff's part. Besides, as defendant notified plaintiff to weigh no more hogs, the latter was not required to weigh or tender further; and all of this point was fully decided on the former appeal.

It was not prejudicial error to admit evidence as to the market value of the hogs under the first count and then at the close of the evidence permit an amendment of the first count and a dismissal of the second count. The two counts were necessary in order to meet the question what function the $500 mentioned in the contract was to perform; and when the defendant throughout the trial insisted that the same should be regarded as liquidated damages, it certainly was proper to allow the amendment of the first count, so as to conform to the theory insisted upon by defendant, and the dismissal of the second count. At the time the evidence was admitted it was proper as the pleadings then stood. [Kinkaid v. Levy, 151 Mo. App. 352, 358.]

Instruction 7 for plaintiff told the jury that defendant owed the $140.15 for feed and merchandise and they would therefore find for plaintiff on the third count in that amount. We see no error in this, since by defendant's answer this was conceded.

It was not necessary to plead the custom as to delivery of hogs. Custom in this case was mere evidentiary matter introduced to explain the intention of the parties in the particulars of. the contract which was susceptible of explanation, and as bearing upon what was a reasonable time. It is well settled that in such case custom does not have to be pleaded.

Other points are made asserting that plaintiff's instructions are erroneous, but in what respect they are claimed to be erroneous is not stated. We are not required to search out for ourselves to see wherein they are erroneous when nothing is stated as to the nature of the error nor of what it consists.

The foregoing answers all the points properly and regularly raised, and we find no grounds for reversing the judgment. · Hence it must be affirmed. It is so ordered. All concur.