T. G. BURKHARDT, RESPONDENT, v. E. W. DECKER, APPELLANT.[*]

Kansas City Court of Appeals. June 6, 1927.

---

[*]Corpus Juris-Cyc References: Agency, 2CJ, p. 767, n. 80; p. 776, n. 51; Appeal and Error, 3CJ, p. 1380, n. 89; Evidence, 22CJ, p. 896, n. 77; p. 903, n. 39; Master and Servant, 39CJ, p. 150, n. 64; p. 199, n. 72; Sales, 35Cyc, p. 41, n. 71.

*Irwin & Bushman* for respondent.

*D. W. Peters* for appellant.

ARNOLD, J.—This is an action to recover on an alleged unpaid balance of a commission on the sale of auto trucks.

The record discloses that defendant was agent and distributor for Dodge Bros. cars and Graham Bros. trucks at Jefferson City, Mo.; that plaintiff was in the employ of defendant as a salesman at a regular salary of $100 per month and in addition to his salary was to receive five per cent commission on new automobiles sold by him, and a commission of ten per cent on new trucks sold by him, such commissions to be based on factory prices. It is defendant's contention that plaintiff's commission on the sale of trucks was to be five per cent instead of ten per cent, as claimed, and there was testimony in support of each position. This is the chief point of difference between the parties and the one on which this suit is based.

This action grew out of an alleged sale by plaintiff of five Graham Bros. trucks (a product of Dodge Bros. Motor Co.) to the Pope Construction Co., a corporation located and doing business at Jefferson City, Mo., at the price of $1600 each, with bodies. It appears the kind and style of body designed by the purchaser could not be furnished by the factory, and the purchaser bought the bodies elsewhere, thus reducing the price of the trucks by $150 each. It further appears that the Pope Construction Co., shortly before the alleged purchase of the trucks, had secured a contract for the construction of a section of the State Highway in Montgomery county, Mo., and the trucks purchased were to be used on that work; and at the trial it was shown they were so used in said county.

From defendant's statement of facts it appears that the territory of the agents of Dodge Brothers was divided, and that no agent was permitted to sell its products for use in territory allotted to another agent. Montgomery county was within the territory allotted to John Miller of Montgomery City. Defendant states that an agent may not secure any commission upon the sale of trucks so sold unless there was some special and personal arrangement between the agents concerning such sale; and that the allotment of territory made by Dodge Bros. Motor Co. to its agents was such that trucks and cars purchased to be shipped and used in the territory of another agent, regardless of where the purchaser lived, would be credited to the agent having the allotment into which the cars were shipped for use. The record discloses that the court refused to permit defendant and Miller to testify orally to the effect just stated.

It appears that plaintiff sought to sell to the Pope Construction Company the five Graham Bros. trucks forming the basis of this

controversy, and succeeded in securing the consent of Joe Pope, the president of said company, to purchase same at the price offered; but there remained the matter of financing the deal. For the purpose of arranging details of the deferred payments for the trucks, John Miller went to Jefferson City and there, within a day or so, satisfactory financial arrangements were made whereby the deal with Pope was completed and the trucks delivered to purchaser in Montgomery county. The notes for the deferred payments were made payable to John Miller. The ten per cent commission upon the factory price was divided by defendant equally between Miller and plaintiff. Plaintiff contended he was entitled to an additional five per cent as per his alleged contract with defendant but this was refused and this suit followed.

The petition alleges a contract of employment whereby he was to receive from defendant ten per cent commission on factory price of new trucks; alleges the sale of the five trucks to the Pope Construction Company and that defendant paid him only five per cent of such commission, and that there is still due him as commission the sum of $409. The answer is a general denial.

The cause was tried to a jury resulting in a verdict for plaintiff in the amount prayed and judgment therefor was accordingly entered. In due time defendant filed motion for a new trial and on the hearing of said motion, the court required of plaintiff a *remittitur* of $72.75. Upon the entry of such required *remittitur,* judgment was entered for $336.75, and defendant has appealed.

It is agreed that under his contract with defendant plaintiff was to receive, in addition to his salary, a commission on the sales of automobiles and trucks. Based upon this state of facts, defendant insists that plaintiff was the servant of defendant and for that reason he is not entitled, as a matter of right, to a commission upon sales unless completed by him. We are not impressed with this argument. The principles of law governing the rights, duties and liabilities emanating from the relation of principal and agent and that of master and servant are the same; and a determination of the question of whether such relation is one of agency or of servant is not conclusive here. In either case the basis of the relation is one of contract. As shown by the record there was substantial testimony that there was a contract between plaintiff and defendant whereby the former was to receive, in addition to his regular salary, a commission on the sale of automobiles and trucks. We find it impossible to separate one from the other of the two elements of the contract just mentioned.

Defendant urgently contends that before plaintiff is entitled to recover herein he must have completed the sale; that is, that he must have completed all details in connection therewith. It is held to be the law that where one employs another to negotiate a sale on certain

terms at a stipulated compensation and the person so employed is instrumental in bringing about a sale, he is entitled to the compensation, even though the sale be finally closed by his principal without the agent's intervention. This principle was discussed by this court and determined against defendant's contention in Vining v. Lippincott, 182 S. W. 758, 759, as follows:

"Defendant, with knowledge that the terms of payment in the order had not been met, itself undertook to collect them, and proceeded to, and did manufacture the fountain under the order. In other words, it accepted the order and itself undertook to perform a duty which it now says plaintiff should have performed. We regard the action of defendant in what it terms a new transaction whereby it sold to the Park Company as an attempted avoidance of its obligation to plaintiff, and the small change made in the terms, including the same price, less plaintiff's commission, will not justify dropping plaintiff out of consideration after having accepted his labor and his purchaser." [See, also, Grade v. Mining Co., 129 Mo. App. 443, 445, 107 S. W. 1002.]

There is a long line of decisions in this State upholding the rule just announced, which we need not here cite. The general rule in this respect does not differ from the rule in this State, and is to the following effect: "Where . . . an agent performs the undertaking assumed by him, he is generally entitled to the compensation specified in his contract of employment, even though his services are in fact of no benefit to the principal; and a substantial performance on his part is generally sufficient for this purpose. Thus, where a sales agent is by contract entitled to commissions on orders taken by him and accepted by the principal, he is entitled to the commission on orders accepted, although the buyer subsequently proves financially irresponsible, or refuses to complete the purchase." [2 C. J. 766, sec. 435.]

On this point, therefore, we hold with plaintiff that the difference between the *status* of a servant and an agent is merely one of degree, and where there is a contract covering the act for which remuneration is sought, the distinction to be drawn is of no consequence in construing the contract. [Flesh v. Lindsay, 115 Mo. 1, 18.] The law *is* that where an agent is the procuring cause of the transaction which he was authorized to negotiate, he is not to be deprived of his reward by the fact that another agent, or the principal himself, intervenes and closes the deal. [2 C. J., p. 776, sec. 442; Woods v. Case Co. (Ia.), 135 N. W. 339; Dowling v. Merrill, 165 Mass. 491, 43 N. E. 295.]

Defendant insists that as plaintiff's contract of employment requires him actually to make the sale, he may not sustain his demand for a commission unless he completes the sale. This point necessarily

involved the construction to be placed upon the word "sale." Bouvier's Law Dict., Vol. 3, p. 2983, gives a general definition of sale as "an agreement whereby the seller transfers the property in goods to the buyer for a consideration called a price." In De Bary v. Dunne, 172 Fed. 940, the word is defined as "a contract by which property is transferred from the seller to the buyer for a fixed price in money paid or agreed to be paid by the buyer."

At common law the elements of a sale are (1) a mutual agreement, (2) competent parties, (3) money consideration, (4) a transfer of the absolute or general property from the seller to the buyer. [Wheless v. Grocer Co., 140 Mo. App. 572, 120 S. W. 708.] The facts in the present case which are substantially proved are such that the jury reasonably might find that all the elements just mentioned were met.

We come now to the point urged by defendant that the court erred in excluding oral testimony as to what the written contract was between Dodge Bros. Motor Company and its agents in respect to sales by one agent in territory allotted to another. This contract was immaterial for the reason that it was not part of the contract between plaintiff and defendant.

Defendant urges the court erred in giving plaintiff's instructions A, B and C on the ground that they do not properly declare the law. This objection is general and does not point out specifically wherein the instructions offend. Under the law, we are not required to search the record to locate any latent errors. [Surbeck v. Surbeck, 208 S. W. 645; St. Louis Dairy Co. v. Bottle Co., 204 S. W. 281; Wehmeier v. Yontz, 215 Mo. App. 240, 247.] This ruling applies also to defendant's charge of error in the refusal of the court to give defendant's instruction No. 1, as offered, and amending, changing and giving it as so amended and changed; and also applies to the charge that the court committed error in refusing defendant's instruction No. 2. [Jesel v. Benas, 177 Mo. App. 768, 714, 160 S. W. 528; Wehmeier v. Yontz, supra.]

Finally, it is urged the court erred in admitting in evidence certain memoranda marked plaintiff's exhibits C, D and E, because they were not shown to have been authorized by defendant and were not material to any issue under the pleadings. The record discloses that exhibit C is a letter dated August 1, 1925, from defendant to plaintiff, containing a statement of account with plaintiff, where it is said:

"Below are listed your sales on which you have not collected up to and including August 1, 1925."

One of the items listed therein is as follows:

"Pope Construction Co. trucks. 10% on 1/2 of trucks on factory lists, $3362.50 ....... ....................$336.25."

Objection made to the introduction of this exhibit was properly overruled, for the obvious reason that it was shown to the satisfaction of the court to be a communication from defendant to plaintiff through defendant's organization and in regular course.

Plaintiff's exhibit D is a memorandum shown to have been prepared in defendant's organization showing the *status* of the deal with the Pope Construction Company for the trucks in question, and with plaintiff's name appearing at the bottom thereof. The items therein correspond with proof of the deal. Under this showing, the evidence was admissible. As to the admission in evidence of exhibit E, the charge of error made by defendant is of similar import to the one just discussed, and for the reason stated as to exhibit D, we hold exhibit E was properly admitted. Finding no reversible error of record, the judgment is affirmed. *Bland, J.*, concurs; *Trimble, P. J.*, absent.