RUFUS BADGETT, RESPONDENT, v. HARTFORD FIRE INSURANCE COM-
PANY, A CORPORATION, APPELLANT.—188 S. W .(2d) 761.

Springfield Court of Appeals.   June 26, 1945.

*Phillips & Phillips* and *M. W. Henson* for appellant.

*C. T. Bloodworth* for respondent.

FULBRIGHT, P. J.—This suit was instituted by plaintiff before a Justice of the Peace, in Butler County. A trial was had in that court and the case reached the Circuit Court of Butler County on appeal. A change of venue was granted and the cause sent to the Circuit Court of Ripley County, where a trial was had at the regular November Term, 1943, resulting in a verdict for plaintiff in the sum of $154.22. After an unsuccessful motion for a new trial defendant appealed to this court.

Plaintiff filed his formal pleading alleging among other things that he was duly insured by defendant against loss or injury to live stock while transporting same; that he accepted a shipment of five head of cattle from Arch King, the owner thereof, to the National Stock Yards, Illinois; that the cattle were delivered to the plaintiff in good condition in Butler County, and that "in the transportation of same two of said live stock, one cow and one heifer, were accidentally injured to such extent that they died from injuries upon arrival at their destination;" that King demanded payment for the injury to said stock in the sum of $133.22; that upon being notified defendant sent King a check for $84.29, which he refused; that he then filed suit against Badgett, the plaintiff herein, in justice court and procured judgment against him in the sum of $133.22, and that he was compelled to pay same together with court costs and attorney's fee, making a total of $179.07; that plaintiff gave due notice to defendant company of the injuries to the livestock, as provided in the policy and requested it to adjust the matter and to defend the action, which it refused to do. Judgment is asked for "the full extent of his cash loss in the sum of $179.07."

Plaintiff having elected to plead in strictness in the justice court is bound by such pleading the same as he would have been had the action originally been filed in the circuit court. [Strong v. Turner, 122 S. W. (2d) 71, 1. c. 74; Usona Mfg. Co. v. Shubert-Christy Corp., 132 S. W. (2d) 1101, 1. c. 1103.]

Defendant was not required to and did not file any pleading in the case. [Oliver Cadillac Co. v. Rosenberg, 179 S. W. (2d) 476, 1. c. 479.] The appearance of a defendant in justice court, without pleading, operates to raise the general issue and defendant may prove anything that tends to show a valid defense. [Northrup v. The Mississippi Valley Ins. Co., 47 Mo. 435, 444, 4 Am. Rep. 337; Yount v. Spain (Mo. App.), 180 S. W. 17; Williams v. Kessler, 295 S. W. 482, 1. c. 483, 484.]

Plaintiff's evidence shows that he was engaged in the business of transporting live stock by truck; that he carried an insurance policy with defendant company protecting him against loss by reason of injuries or death of live stock, solely by the hazards of transportation. The policy, which was offered in evidence by plaintiff, provided that the amount of liability should not exceed the actual cash market value at destination for slaughtering, stocker or feeder purposes. It also contains certain warranties, the pertinent one being as follows:

"Sec. Two: It is warranted by all parties hereto that · . . . the live stock shall be loaded with due care and regard for the safety and proper preservation of the live stock; . . . that whenever the truckloads consist of mixed lots of live stock, that such different kinds of live stock shall be separated by substantial partitions securely and properly placed in the truck. . . . failure to comply with any of the aforesaid warranties shall relieve this company of any and all liability to any and all persons whomsoever."

The policy provides on its face that, "This policy is made and accepted subject to the foregoing stipulations and conditions printed on the back hereof which are specifically referred to and made a part of the policy . . ."

Plaintiff's evidence further shows that there were seven or eight head of cattle and sixteen or seventeen head of hogs loaded into plaintiff's one-deck truck, the bed of which was twelve feet long in the clear and seven feet, one or two inches wide and that there was no partition of any kind placed in the truck separating the cattle from the hogs, but that they were all loaded in together; that two head of live stock, one cow and one heifer, died just before or shortly after reaching their destination as a result of hogs getting on top of them after they were down and injuries caused by other stock trampling upon them; that plaintiff properly notified defendant company of the damages and loss of the cattle. Whereupon defendant sent Arch King, the owner thereof, a check for $84.29, which he refused; that King then sued the plaintiff herein and recovered judgment for $133.20, which defendant company refused to pay; that the two cows that were killed were worth around $135 or $140.

At the close of plaintiff's case defendant filed its demurrer to the evidence which was overruled by the court. Thereupon, defendant offered its evidence in the form of depositions, which in substance related to the identification, grade, weight and value of the cattle killed at the time they reached their destination, the value being shown as around $85. At the close of all the evidence defendant renewed its demurrer which was overruled by the court.

Defendant assigns as error the action of the trial court in overruling its demurrers.

The law is well settled, requiring no citations, that in filing its demurrer the defendant admits the truth of plaintiff's evidence and

the conclusions a jury might reasonably draw therefrom. Therefore, the trial court, in passing upon the demurrer, must consider plaintiff's evidence as true and draw every inference in his favor that the law will warrant and disregard all of defendant's evidence except such as is favorable to plaintiff.

The warranty concerning the separation of mixed loads of live stock by partition, as heretofore set out, is binding on plaintiff and he is precluded from a recovery under the express terms of the policy if he is guilty of a breach. The warranty does not apply to a condition existing at the time of the delivery of the policy, but is a promissory warranty of a condition subsequent, referring to the future and to be kept or broken after the effective date of the policy. We therefore hold that the warranty is binding upon the plaintiff, absent waiver by defendant. [Harwood v. National Union Fire Ins. Co., 170 Mo. App. 298, 156 S. W. 475; Park v. Fidelity & Casualty Co., 279 S. W. 246; State ex rel. v. Daues, 316 Mo. 346, 289 S. W. 957; Teich v. Globe Indemnity Co., 25 S. W. (2d) 554; Klein v. United States Casualty Co., 295 S. W. 833.]

Plaintiff concedes that "a failure to put the partition in when mixed stock are shipped is a complete defense to suit on the policy, whether such failure contributed to the injury and damage or not." But, he insists that defendant waived its right under the warranties in the policy, relying largely on the fact, as he states, that "within a period of seventeen days after the stock was killed, without ever in any way standing on the breach of warranty, the company mailed a check for the amount which it claimed was the sum of the damages suffered." However, plaintiff overlooks the fact that there is not one syllable of testimony in the record that shows defendant had any knowledge of the breach until he learned it from plaintiff's witnesses on cross examination during the course of the trial in the circuit court. Obviously, at the time the check was sent defendant had not learned of the breach.

Plaintiff further says: "The record shows that never during the pendency of the law suit against them did they raise any question about 'breach of warranty' until near the close of the trial in the circuit court." This only emphasizes the absence of knowledge on the part of defendant up to that time. If plaintiff is in a position to and relies on waiver the burden is upon him to establish it by evidence that leaves no doubt or uncertainty, and, when the proof rests solely on what a party does or forebears to do, his acts or omission to act relied upon should be so manifestly consistent with and indicative of intent to voluntarily relinquish a then known particular right or benefit that no other explanation of his conduct is possible. [67 C. J. 309, sec. 11; Swihart v. Missouri Farmers Mut. Tornado, etc., Co., 234 Mo. App. 998, 138 S. W. (2d) 9; Howe Scale Co. v. Geller, Ward & Hasler Hardware Co., 285 S. W. 141; Springfield Security Co. v.

802

Boren, 275 S. W. 566, 567.] In order "to make out a case of implied waiver there must be a clear, unequivocal and decisive act showing such purpose, or acts amounting to an estoppel." [Fitzgerald v. Metropolitan Life Ins. Co., 149 S. W. (2d) 389, l. c. 391.] The record in the case before us is wholly barren of testimony that would establish a waiver on the part of the defendant. Plaintiff did not plead waiver, did not prove it and did not submit the issue in his instruction. He is therefore in no position to urge waiver in this court.

Plaintiff further contends that defendant is not in a position to raise the question of demurrer in this court because after the demurrer to the evidence at the close of the whole case was refused he requested and was given an instruction to the effect that if the jury found that plaintiff failed to separate the hogs and the cattle by substantial partition securely and properly placed in the truck, "then if you find and believe from the evidence that such failure on his part contributed to the injury of the cows mentioned in evidence your verdict will be for the defendant." The probative value of the evidence was raised by the demurrer and defendant did not waive his right to challenge the sufficiency of the evidence on appeal merely because, after the demurrer had been overruled at the close of the case, it requested and was given instructions on the issues involved. [Klotsch v. Collier & Son Corp., 349 Mo. 40, 159 S. W. (2d) 589; State ex rel. v. Shain, 344 Mo. 404, 126 S. W. (2d) 1193; Ambruster v. Levitt Realty & Inv. Co., 341 Mo. 364, 107 S. W. (2d) 74, l. c. 79.]

Moreover, this contention on the part of plaintiff is without merit for the reason that the undisputed testimony shows a breach of warranty with respect to separating the hogs from the cattle with a proper partition, and that the breach contributed to the injury and death of the live stock.

It necessarily follows that the defendant's demurrer should have been sustained. The judgment of the trial court is accordingly reversed. *Blair* and *Vandeventer, JJ.,* concur.