## Owens v. Mench

*R. H. Jordan,* for plaintiff.
*Griesemer & Rauch,* for defendant.

HENNINGER, P. J., April 7, 1952.—Plaintiff, an employe of Mack Manufacturing Company, applied for workmen's compensation for the loss of an eye. He claimed to have lost the eye due to a foreign body lodged therein while he was using a drill. The company defended upon the ground that the eye was ulcerated due to conditions unrelated to his employment. The key witness was defendant, an ophthalmologist who testified before the referee that plaintiff (then claimant) had reported no accident and had an ulcerated condition in his eye unrelated to any accident.

Plaintiff thereupon brought this action for the damages he suffered by reason of what he termed defendant's falsification of his records and false testimony before the master. Defendant demurred that there was no legal cause of action stated and—from information received since the suit was brought—that plaintiff was eventually awarded compensation and therefore suffered no loss.

For our purposes we must accept the allegations of the complaint as verity. Since defendant is a professional man it must be understood that they are so accepted solely for the purposes of the demurrer and not as facts proved.

These facts are averred in the complaint. Plaintiff had an accident while drilling holes in steel cabs in the course of his employment at Mack Manufacturing

Company; on November 12, 1945 he went to defendant's office for its removal, giving defendant a history of such accident which defendant noted on his chart; defendant actually removed a particle of steel from plaintiff's eye and so noted on his chart; on November 14, 1945, plaintiff returned to defendant's office and was removed to a hospital where on November 15, 1945, his left eye was removed by defendant. It is further averred that upon his return to work, plaintiff demanded workmen's compensation, which was refused by his employer upon the opinion and recommendation of defendant, compelling him to retain counsel and to file a claim which was contested; defendant at the hearing swore that the condition was due to an ulcer, that he had no history of an accident and that he had not removed a foreign body from plaintiff's eye. This compelled plaintiff to lose time, to retain a handwriting expert and a disinterested physician, for which he claimed damages of $1,597 as well as punitive damages of $7,500.

Undoubtedly, the complaint does charge defendant with falsely testifying before the compensation referee to plaintiff's hurt. It is the public policy of this Commonwealth that to subject a witness to damages for false testimony would cause witnesses to hesitate to testify, that therefore the only penalty for false testimony is criminal responsibility for perjury and that a cause of action for false testimony will not lie: Yoder v. Cole, 232 Pa. 509-10.

Defendant is also charged, however, with having falsely represented to plaintiff and to plaintiff's employer that plaintiff had not been injured, necessitating the employment of counsel and of experts and involving loss of his time.

We believe this is an actionable wrong, although we have found no precedent for it: A. L. I. Restatement of the Law of Torts §873, provides:

"A person who, with knowledge of its falsity, makes an untrue statement concerning another which he realizes will harm the other is liable to the other for such resulting harm as he should have realized might be caused by his statement."

We need not go far to find plaintiff's injury from defendant's wrong. The obvious and most serious result was the necessity of fighting a claim that would have been conceded, had the facts not been misrepresented.

This is the more damaging, for workmen's compensation cases are not supposed to require strict legal procedure: Gairt v. Curry Coal Mining Co. et al., 272 Pa. 494, 498. In fact, it was contemplated that legal counsel would be unnecessary: Johnson v. Jeddo Highland Coal Company, 99 Pa. Superior Ct. 94, 98; McKissick v. Penn Brook Coal Co., 110 Pa. Superior Ct. 444, 448.

That an employe has a clear right to demand fair dealing from an employer's physician is settled by Ciotti v. Jarecki Manufacturing Company, 128 Pa. Superior Ct. 233, 238. Workmen's compensation is a matter of contract between the employer and employe and by section 306(e) of The Workmen's Compensation Act of June 2, 1915, P. L. 736, 77 PS §531, the employe under dire penalties is required to accept treatment at the hands of the employer's physician and therefore has a stake in all of the physician's activities, to the same extent as if he had himself chosen and paid him.

We are not concerned here with reasonable skill or with either inadvertent or even negligent mistake of fact. The charge here is a wilful and malicious misstatement of known facts, made with the specific intent to cause harm. Whether plaintiff will be able to substantiate this charge is not important at this stage of the proceedings.

Since plaintiff states an actionable wrong, we need not look closely into the items of damage. Even if plaintiff could collect only nominal damages he would have the right to proceed. This is not the first case in which a plaintiff asked more damages than he can hope to get; unfortunately, it is not the last such case.

Now, April 7, 1952, defendant's preliminary objections by way of demurrer are overruled and dismissed and defendant is ordered to file an answer on the merits, if he sees fit to do so, within 20 days after service of this order on his counsel.