Vera M. ZIPPAY, Appellant,

v.

William B. KELLEHER and Christopher Kelleher, Respondents.

No. 43807.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 15, 1981.

Motion for Rehearing and/or Transfer
Denied Jan. 15, 1982.

Tom Mendelson, University City, for appellant.

James E. Godfrey, Godfrey, Vandover & Burns, Inc., St. Louis, for respondents.

REINHARD, Presiding Judge.

Plaintiff, Vera M. Zippay, appeals from the trial court's dismissal for failure to state a cause of action her two count petition against William and Christopher Kelleher. We reverse as to Count I, but affirm as to Count II.

Plaintiff's petition alleges that her automobile was hit by a car while lawfully parked in the 7400 block of Delmar in University City. The license plate number as well as a description of the driver were left in a note on her car by an anonymous witness. The University City Police investigated the accident and ultimately were led to a Ford Thunderbird, with damage and markings corresponding to the damage on plaintiff's automobile, titled in the name of William Kelleher. Defendant, Christopher Kelleher, resided with William. Both defendants denied to the police any knowl-

edge of the collision or the identity of the person who was responsible. As a result of defendants' statements, the police ceased their investigation.

Plaintiff's petition was originally filed in the associate circuit court. A jury trial was requested and pursuant to § 517.520.2 RSMo. 1978, the case was transferred to the circuit court. In Count I of her amended petition, plaintiff sought to recover her property damages of $500 from defendants. In Count II, she sought recovery of her actual damages and punitive damages from defendants for the tort of injurious falsehood. Defendants filed a joint motion to dismiss both counts of the petition for failure to state a cause of action. The trial court granted the motion and dismissed the petition without prejudice. Plaintiff elected to stand on her pleading and appealed. *Welch v. City of Blue Springs*, 526 S.W.2d 379, 380–81 (Mo.App.1975).

The sufficiency of plaintiff's petition shall be judged in accordance with the rules applicable in Chapter 517, Procedure Before Associate Circuit Judges. *See* § 517.520.2. Section 517.050 provides that plaintiff shall file "a statement of facts constituting the claim, and the amount or sum demanded." It has uniformly been held that pleadings originating in a Chapter 517 court are to be liberally construed, and if the pleading is sufficient to advise the defendant of the nature of the claim, and sufficiently specific to bar another action thereon, then it cannot be said that the petition fails to state a cause of action. *George Kropp & Associates, Inc. v. Schneider*, 363 S.W.2d 58, 60–61 (Mo.App.1962); *Baird v. Ellsworth Realty Co.*, 265 S.W.2d 770, 771 (Mo.App.1954). It has been held, however, that a plaintiff who has elected to plead in strictness is bound by such pleading the same as he would have been had the action originated in the circuit court. *Badgett v. Hartford Fire Ins. Co.*, 238 Mo.App. 797, 188 S.W.2d 761, 763 (Mo. App.1945).

In the first four paragraphs of Count I, plaintiff alleges she was the owner of a 1973 Dodge Dart lawfully parked on the street, which was negligently struck by a car driven by an unknown driver, resulting in damages of $500.

In paragraph five, however, she alleges "[t]he hit-and-run automobile that struck plaintiff's parked automobile and caused injury to it was a Ford Thunderbird owned by either defendant William B. Kelleher or defendant Christopher Kelleher; [and] . . . at the time of the collision . . . it was being operated by either of these defendants, or by someone acting as their agent of [sic] the agent of either of them."

■ Plaintiff has pleaded alternative and inconsistent theories of recovery in Count I, that is, either William or Christopher or their agent were driving the car which negligently struck hers. Plaintiff's allegations of the striking of her parked car by a moving automobile brings her within the res ipsa loquitor doctrine long recognized in this state under these circumstances. *Boresow v. Manzella*, 330 S.W.2d 827 (Mo.1959); *Rockenstein v. Rogers*, 326 Mo. 468, 31 S.W.2d 792, 798 (Mo.1930). Judged by the standards set forth above, plaintiff's petition is sufficient to advise the defendants of the nature of the claims against them and sufficiently specific to bar another action on the same claims.[1]

Defendants assert the petition fails to allege (1) ultimate facts; (2) that either of the defendants negligently operated the car; and (3) that as a result of the defendants' action the plaintiff was damaged. As to the first contention, we have reviewed plaintiff's petition and find no deficiency in this regard. As to the remaining contentions, we think it evident from the paragraph quoted above, plaintiff has sufficiently alleged defendants operated their automobile to her damage.

While plaintiff is the first to acknowledge Count I of her petition is not a paradigm, we think most liberally construed, it states a cause of action.

---

**1.** Rule 55.10 applicable to proceedings in circuit court permits alternate and inconsistent pleadings. Section 517.020.2(1) provides Rule 55 shall not apply in this instance. Nonetheless, we see no reason such pleading practice should not be permitted in the associate circuit court.

We now consider the sufficiency of Count II of her petition. In Count II, plaintiff alleged the defendants falsely denied knowledge of the collision or the identity of the driver to the police. Further, she alleged these statements were made "knowingly and recklessly" and:

> [W]ith the recognition that such statements would obstruct or hinder plaintiff in the pursuit of her legal claims and would likely result in harm to her pecuniary interests; that as a result of such injurious falsehoods the University City police abandoned their efforts to identify, locate, and apprehend the driver of the striking vehicle and plaintiff consequently has been unable to recover for the injuries to her automobile and has had to retain an attorney to investigate the claims for the losses she has sustained and to file this suit for recovery of such losses, all at her expense and to her damage.

Plaintiff demanded judgment in the amount of $500 for property damage to her automobile, $2,000 in damages for costs and attorneys' fees and $2,500 for punitive damages. Plaintiff contends Count II pleads the tort of injurious falsehood. This tort has its roots in sixteenth century English common law but did not receive this name until the twentieth century. *See,* Prosser, *Injurious Falsehood: The Basis of Liability,* 59 Col.L.Rev. 425 (1959), for a brief historical account of the tort. The tort consists of the publication of false statements concerning the plaintiff, his property or business, which cause him pecuniary loss. Prosser, *Id.* It is applied chiefly in cases of the disparagement of property, land, chattels or intangible things. Restatement of Torts, Second, § 623A, p. 335.

*Annbar Associates v. American Express Co.,* 565 S.W.2d 701 (Mo.App.1978) is the only reported Missouri case involving this tort. In *Annbar,* the owners of the Muehle-

bach Hotel in Kansas City engaged defendant American Express Reservations, Inc. to provide a computerized reservations system for the hotel. Over a period of several months hundreds of prospective customers of the Muehlebach were falsely told by the defendant the hotel had no rooms available. Plaintiffs filed suit against the defendant based upon these statements. A jury returned a verdict of $25,000 actual damages and $100,000 punitive damages. The court, citing the Restatement of Torts, Second, found that plaintiff had pleaded and proved a case of injurious falsehood, however, the court reversed the verdict because of instructional error. The Restatement of Torts, Second, § 623A, p. 334 states as follows:

> One who publishes a false statement harmful to the interests of another is subject to liability for pecuniary loss resulting to the other if
>
> (a) he intends for publication of the statement to result in harm to interests of the other having a pecuniary value, or either recognizes or should recognize that it is likely to do so, and
>
> (b) he knows that the statement is false or acts in reckless disregard of its truth or falsity.

Plaintiff relies on *Annbar* in support of her position, while defendants state the tort should be limited strictly to commercial transactions. While that was, of course, the factual situation in *Annbar,* we decline to uphold the trial court's dismissal of plaintiff's petition on that basis.[2] We applaud plaintiff's ingenuity in fashioning her petition after the Restatement in an attempt to recover under the guise of injurious falsehood, however, we cannot extend the holding of *Annbar* to cover the circumstances pleaded in this case. Although plaintiff has cited many cases involving the tort of injurious falsehood from throughout the coun-

---

**2.** There is nothing in the Restatement definition recited in *Annbar,* which would support defendant's position. Further, our research has disclosed no court which has limited the tort to commercial transactions. *See, Cooper v. We-*

*issblatt,* 154 Misc. 522, 227 N.Y.S. 709 (1935) and *Al Raschid v. New Syndicate Co.,* 265 N.Y. 1, 191 N.E. 713 (1934) for the tort applied in non-commercial settings.

try,[3] none of them are close to the facts as stated in plaintiff's petition. Neither has our own independent research revealed any cases of injurious falsehood arising in this manner.

In the case at bar, plaintiff alleges it was defendant's statement to the University City Police which caused her damages. The Restatement recites that the defendant's statement must have been intended to result in harm to the pecuniary interest of another. "The publisher must, however, know enough of the circumstances so that he should, as a reasonable man, recognize the likelihood that some third person will act in reliance upon his statement." Restatement, Second, at 336.

We do not think this type of statement to an investigating police officer was contemplated as actionable under these circumstances. In *Annbar* those customers that relied on defendants' statements could have been expected to seek accommodations elsewhere. There was a direct causal relationship between the reliance and the plaintiff's damages. Here, in plaintiff's petition, the University City Police are the only ones alleged to have relied on defendants' statements. But, the University City Police have no authority to compel the defendants to pay the plaintiff damages. The purpose of the police investigation was neither to allocate civil responsibility nor to order the payment of damages. Any indirect benefit to the plaintiff in her attempt to recover her damages would have been incidental. As a matter of law, any reliance by the police on statements made by the defendant, under these circumstances could not be the proximate cause of plaintiff's damages. Consequently, the trial court did not commit error in dismissing Count II of plaintiff's petition.

Reversed as to Count I; affirmed as to Count II.

SNYDER and CRIST, JJ., concur.

3. *Morgan v. Graham*, 228 F.2d 625 (10th Cir. 1956); *Owens v. Mench*, 81 Pa. D. & C. 314 (1952); and *Felis v. Greenberg*, 273 N.Y.S.2d 288 (1966) among others.