*52
 
 Peahson, J.
 

 The declaration alleges, that the plaintiff was the owner of a mill, about one-half of a mile below a mill, on the same stream, owned by the defendant; that the defendant repeatedly shut down his gates, so as to accumulate as large a head of water as possible, and then raised them, so as- thereby to discharge an immense volume of water, which ran with great force against the dam of the plaintiff, and swept it away; and that this was done by the defendant,
 
 wilfully, and with an intent to do the injury.
 
 The only question is, can an action on the Case be sustained ?
 

 When the act itself is complained of, Trespass
 
 vi ei
 
 ar-
 
 mis,
 
 is the proper action. When the consequences, only, are complained of, then Case is the proper action; or, as the rule is expressed in the books, Trespass lies where the injury is immediate, — Case, when it is consequential. There is no difficulty as to the rule. The difficulty is as to its ap-' plication ; and it sometimes requires an exceedingly nice perception, to be able to trace the dividing line. But this case is settled by authority, and there is no occasion to resort to reasoning, or to a discussion of principles. In
 
 Scott
 
 v
 
 Shepherd,
 
 2 Blackstone, 892, Grey, C. J. cites a suit from the register, 95 a. of Trespass
 
 vi et armis,
 
 for cutting down a head of water,
 
 maliciously,
 
 which thereupon, flowed down to, and overwhelmed another pond, which is our case.
 

 It is true that, in some cases, although the injury be immediate, the party has his election, and may waive the trespass, and bring Case for the consequential damage. As, if one take another’s horse, he may elect to bring Trover, (which is an action on the Case,) or, if one, in driving his carriage, run on; that of another, although the damage is immediate, Case may be sustained, alleging that the defendant so
 
 negligently
 
 drove his carriage, that it ran against
 
 *53
 
 that of the plaintiff, and did great damags; and the defendant is not allowed to defeat the action, by averring that the injury was more aggravated, for that in fact, he drove against the carriage of the plaintiff on purpose, and with an intent to do the injury.
 
 Williams
 
 v
 
 Holland,
 
 10 Bingham, 116. But, if the declaration alleges, that the defendant
 
 took
 
 the horse from the possession of the plaintiff, instead of supposing that he found it; or, that the defendant
 
 toilfully drove
 
 against the carriage, instead of ascribing it to negligence, Case cannot be sustained, because these allegations are inconsistent with the nature of that action, and it is simply an attempt to recover in Case, for a direct, wilful trespass, which is the peculiar subject of another form of action, To maintain Case, you must waive your ground of complaint on account of the trespass.
 
 Day
 
 v
 
 Edwards,
 
 5 T. R. 648. It is apparent, then, that this right'of election cannot exist, except in cases where there is a separate and distinct cause of action, besides the trespass. Admitting, for the sake of argument, this to be one of those cases, the plaintiff has no ground to stand on.— He has not waived the trespass — that is, the burthen of his complaint. But,
 
 it
 
 seems to us, this is not one of those cases ; and we are inclined to think, that Case could not be maintained, if the declaration had been ever so carefully or skilfully drawn. Suppose the defendant had planted a cannon on his dam, and wilfully fired at the plaintiff’s dam, until it was demolished; it could not be distinguished from the present case, — the only difference being in the kind of force: In the one, the dam is destroyed by metal propelled by the force of gunpowder; in the other, it is destroyed by water, propelled by the force of gravitation,— the water being kept back, on purpose to increase the head, and thereby add to the power of the propelling
 
 f&rcd
 
 Both are neither more nor less than wilful trespass, Apd, al
 
 *54
 
 though the intent is not the test of liability, yet, when the damage is immediate, it'is the test of the proper form of action. If the damage be immediate, and the/ct is wilful, Trespass is the only action.
 

 There is no question that the doctrine'by which plaintiffs, in certain cases, are allowed to waive Trespass, and bring Case, which is finally settled by authority, is an indulgence, granted on account of the difficulty of tracing the dividing line; and the principle is, that the plaintiff may, without, injustice to the defendant, take the most charitable view of the case. But this doctrine only applies, when two causes of action are involved; then one may be waived, and still leave ground to stand on ; but if the case involved merely a cause of action for Trespass, to allow an eleqtion to bring Case would be an absurdity, as if one wilfully shoots down another’s horse, or commits a battery on the person.
 

 Per CukiAM. Judgment reversed, and
 
 venire de nove.