## OF THE

# 𝔖𝔲𝔭𝔯𝔢𝔪𝔢 𝔔𝔬𝔲𝔯𝔱 𝔬𝔣 𝔉𝔩𝔬𝔯𝔦𝔡𝔞,

### AT

## MARCH TERM, 1854,

### HELD AT TAMPA.

---

CRAWFORD AND SEAT, APPELLANTS, VS. JOHN WATERSON, APPELLEE.

1. Trespass will lie in favor of one having possession, against a wrong doer.
2. Trespass *vi et armis*, and not case, is the appropriate remedy, where the injury is immediate and direct.
3. Where there is a wrong there is a remedy, and the State Courts are competent to give redress in all cases in which exclusive jurisdiction is not given to the Federal Courts.
4. If a wrong or injury be done by an officer of the General Government, without authority, he is liable, like any other citizen, to be sued in the State Courts.

This was an action of trespass on the case. The injury complained of, was the unlawful seizure and taking away of sixty thousand feet of lumber. The allegation in the first count of the declaration is, " that under the authority of the Quarter Master of the United States, they received permission to cut lumber off the military reserve, and in pursuance of such order, they did cut sixty thousand feet

of lumber, when defendant, without authority, took the same and held the same in his custody until sold."

The second count alleges that "when the seizure was made, the plaintiffs cleared by their mill $25 a day, and would have continued to do so for a long space of time, had they not been compelled to desist, by the seizure of defendant and his pretended authority as timber agent."

The third count alleges that by reason of the seizure, plaintiffs incurred great expense, in going to Washington, and also that during their absence their dwelling house was destroyed by fire.

To this declaration the defendant demurred, which was sustained by the Court, on the ground "that the Court had no jurisdiction, for the reason that the cause of action originated exclusively under the laws and regulations of the United States." From this judgment the plaintiffs appealed.

BALTZELL, C. J., delivered the opinion of the Court:

This was an action of trespass on the case, instituted by the plaintiffs to recover damages for the injury sustained by them in the unlawful seizure and sale of a quantity of lumber.

The defendant demurred to the declaration, assigning various grounds of objection.

The Court sustained the demurrer and dismissed the case, on the ground " that the Court had no jurisdiction, for the reason that the cause of action originated exclusively under the laws and regulations of the United States."

We are clearly of opinion that for an injury to and damages sustained by a party, the proper remedy and redress is by suit in the State Courts, and that the Court erred in dismissing the case upon this ground. The suit is based upon the allegation that the defendant, without any lawful

authority, seized the lumber. If this allegation be true, he was justified by no law or regulation of the United States, and was clearly liable for the injury done. If the defendant could show that in the action leading to the injury complained of, he acted under lawful authority from the United States, this would avail him as well in the State as in the Federal Courts. We know of no exemption from suit in the State Courts against individuals for wrong, except in certain cases specially enumerated in the Constitution of the United States, where exclusive jurisdiction is given to the Federal Courts. The general principle is that there is no wrong without a remedy.

Suits are brought daily in the State Courts for injuries done by officers of the Government of the United States, whether for injuries to the person or property of the citizen, and in many cases the party would be remediless, unless his action were brought there.

The Federal Courts are Courts of limited jurisdiction, and their doors are closed to the *citizen* for most purposes; they are designed for the citizens of other States, or aliens, whose right to sue must appear by a declaration of their character on the face of the proceedings, to give jurisdiction. Our Courts, on the contrary, are Courts of general jurisdiction, free to every one to obtain redress whenever injury or damage is done. We do not, then, agree to the ruling of the Court below in this respect. Stewart vs. Preston, 1 Florida.

We are, however, of opinion that the demurrer was rightly decided, for other reasons. The injury complained of was a trespass, and a suit of that kind, or in trover, or replevin, should have been brought, and not an action on the case. Slocum vs. Maybury, 2 Wh., 1; Gelston vs. Hoyt, 3 Wh., 246.

The plaintiffs allege " that under the authority of the

Quarter Master of the United States they received permission to cut lumber off the military reserve, and in pursuance of such order, they did cut sixty thousand feet of lumber, when defendant, without authority, took the same, and held the same in his custody till he sold them." Here we perceive "an injury in its character forcible, and occasioned *immediately* by the act of defendant, in which case the action of trespas *vi et armis*. is the proper remedy." 1 Chitty Pl., 142.

Nor is it necessary that actual force be proved in case of trespass for the asportation of goods. 10 Mass., 125.

The distinction is between acts that are "immediate and direct," in which trespass is the appropriate remedy, and such as are mediate and consequential, in which case lies. 1 Chitty, 142.

As to the interest of the plaintiff, trespass will lie in favor of one having possession, as against a wrong doer. 1 Chitty, 196; n. 2, 202–'3.

There is no precedent in an action on the case for injury, like the present, whilst in trespass there is no lack of them. Trespass is the peculiar remedy for injuries done by person's acting under the color of authority. 1 Chitty, 210; Gelston vs. Hoyt, 4. Cond. Reps. S. C. U. S., 246; 3 Wh., 246.

It is proper to say that there is an allegation in the count alluded to that the lumber was disposed of at public sale, and purchased by defendant himself, but this does not alter the character of the injury or of the remedy.

The second count alleges that "when the seizure was made, the plaintiffs cleared by their Mill $25 a day, and would have continued to do so for a long space of time, had they not been compelled to desist, by the seizure of defendant, and his pretended authority as timber agent." What effect this might have, in an action of trespass, to enlarge

the damages, it is not for us to decide on the present occasion; but this much we are satisfied, that it does not constitute a substantive ground of action, of itself. Courts give redress for injuries actually sustained, not for such as are speculative or suppositious—not for that which a party might by possibility make or have made.

We are of opinion that the third count, or remainder of the declaration also is insufficient, and does not constitute a valid cause of action against defendant, for the causes already assigned.

The expense of going to Washington, and the loss of the dwelling house by fire, are not so connected with the act of trespass or injury as to constitute a cause of action, if indeed they could be used to increase the damages in an action of trespass.

The judgment will be affirmed, with costs.