Francis J. Barry v. Severen Peterson et al.

*Damages for throwing snow on another's premises—Eaves dripping.*

An action lies for such damages as are caused by snow thrown from one person's premises upon those of another, although the damages may be more consequential than direct.

But damages cannot be recovered on account of water dripping from a house on adjacent premises without proof that it was caused by some neglect of duty on the part of the house owner. *Underwood v. Waldron* 33 Mich. 239 affirmed.

Error to Midland.   Submitted Apr. 14.   Decided Apr. 25.

CASE.   Defendants bring error.   Reversed.

*Stanford & Van Kleeck* for appellants.

*Hemingway & Gordon* for appellee.

CAMPBELL, J.   Plaintiff sued in a justice's court to recover for injury caused to his building by rain dripping from defendants' neighboring house, and by snow thrown between the buildings and on his land from the latter.   The chief injury being consequential and not direct, we think there can be no objection to the form of action, which was case.

So far as the damage from snow is concerned there was proof that it was shovelled upon plaintiff's land from defendants' house by defendants' order, and by their servant in the course of his service.   We think there was no error in holding defendants liable for this.

But the court did not qualify the liability under all circumstances for the consequences of rain dripping from defendants' roof, and held it was absolute.   This liability does not exist unless it arises from some fault or neglect of duty, and it was so held in *Underwood v. Waldron* 33 Mich. 239.   For this error the judgment must be reversed and a new trial granted.

The other Justices concurred.