CRIBBS *v.* STIVER.

1. FIRES—TRESPASS—HIGHWAYS—NEGLIGENCE.

In entering upon plaintiff's land and setting fire to brush and waste materials, defendant highway commissioner became guilty of a trespass which made him responsible for the consequences of his act,—the extension of the fire to buildings upon premises of the plaintiff.

2. TRIAL—ELECTION OF COUNTS—PLEADING—CASE.

At the trial of an action for setting fire to brush and permitting it to spread and destroy plaintiff's barn, the trial court rightly denied the defendant's motion to require plaintiff to elect between the counts of his declaration, one of which alleged a wrongful entry upon the premises of plaintiff and the other charged defendant with negligence, but not with trespass.

3. PLEADING—TRESPASS—TRESPASS ON THE CASE—DISTINCTION.

    The declaration should advise the defendant in a suit for consequential injuries resulting from a trespass, although it may be framed in case pursuant to Act No. 77, Pub. Acts 1905, amending 3 Comp. Laws, § 10400 (5 How. Stat. [2d Ed.] § 13114), whether recovery is sought for direct injuries resulting from the wrongful entry or for consequential injuries other than damages to the freehold or for both.

4. FIRES—PLEADING.

    *Held*, also, that there was testimony tending to sustain a verdict for the plaintiff.

Error to Manistee; Withey, J. Submitted April 22, 1914. (Docket No. 106.) Decided June 1, 1914.

Case by Levi Cribbs against Frank Stiver for negligently setting fires. Judgment for plaintiff. Defendant brings error. Affirmed.

*Dovel & Dovel,* for appellant.

*Max E. Neal,* for appellee.

OSTRANDER, J. Whether the fire which caused the injury was set on plaintiff's land, or was set in a highway and spread to plaintiff's land, came to be a controlling question at the trial. The court ruled that no negligence of defendant had been proven, either in setting the fire or in caring for it afterwards. The court also ruled "that the highway, so called, where these fires were set, was not a public way."

If, then, defendant set the fire on plaintiff's land, he was a trespasser, and liable to pay the damages for the injury resulting, and to this effect the jury was instructed. Plaintiff alleged in his declaration, in the first count, that he was owner of certain premises on which was a barn containing certain personal property of his; that defendant with his agents wrongfully went upon the said premises, cut down and gath-

ered together timber and waste material, set fire to it, and, after setting fire thereto, carelessly and negligently went away and left the fire burning without guarding it, "whereby, by reason of the aforesaid negligent acts and conduct of the said defendant, said fires, from said burning material, so started and ignited as aforesaid upon said premises spread and ran" and destroyed the barn and contents. In the second count, where like inducement is alleged, it is averred that the fire was set by defendant and his agents while "engaged in clearing certain premises contiguous and adjacent to and extending along the east line of said plaintiff's land, as above described, * * * for the purpose of opening, clearing, and preparing the said land for use as a highway." Negligent conduct is alleged in guarding the fires, etc., in consequence of which "said fires from said burning materials spread to and upon plaintiff's said premises and ran over the same and to his barn."

Defendant pleaded the general issue.

A jury having been selected, defendant moved for an order requiring plaintiff to elect under which count of the declaration he would ask for a recovery, for the reason that the first count alleged a trespass, the second was in case, they were inconsistent, and two distinct causes of action were alleged. Plaintiff's counsel stated:

"As I understand these two counts, they are both actions on the case, and not in trespass."

The motion was denied. In this way the question of the rule to be applied to defendant's conduct and its results was first raised, and thereafter by testimony it was sought to be established by defendant, who was a highway commissioner, that what he did was in a highway adjoining plaintiff's property, and that his original act in going upon the land and setting fires

was for the purpose of clearing out and working a highway once lawfully laid out and still legally existing. The injury which plaintiff claims to have suffered was not the immediate and direct result of a trespass *quare clausum,* but was a consequence of defendant's alleged conduct. Whether the original act or conduct was or was not wrongful, the consequences, in fact, came from subsequent acts and conduct or from a failure to act. Usually a recovery for such consequential injuries has been sought in actions on the case. In *Barry* v. *Peterson,* 48 Mich. 263 (12 N. W. 181), where the injury came from snow shoveled from one man's premises to those of another, it was said:

"The chief injury being consequential and not direct, we think there can be no objection to the form of action, which was case."

In *Hart* v. *Blake,* 31 Mich. 278, the action was trespass, and, the declaration alleging as damages the detaining of a scow for a considerable period, the value of its use during the period was the recovery. In *Wyant* v. *Crouse,* 127 Mich. 158 (86 N. W. 527, 53 L. R. A. 626), it appeared that defendant wrongfully entered a blacksmith shop and started a fire in the forge. This was alleged, and it was further alleged that he so managed the fire that after he left the shop it and other property was destroyed by fire. The court, because no negligence was shown, and acting upon the theory that a trespass *quare clausum* was alleged, directed a verdict for defendant. In reversing the judgment, it was said:

"In the case before us, the defendant intended no such injury, nor did he any act which can be said to have given reason for expecting the consequences. It was a fortuitous consequence of his act, entirely unforeseen. The actual trespass was of little significance compared with this consequential injury. If a wrongdoer, he would be responsible for the damage, if it

resulted from the building of a fire by him, regardless of the degree of care used. Hence the propriety of setting up his wrongful entry, which, though proper in a declaration in trespass, does not necessarily impress that character upon this declaration, which expressly states that it is in case, and describes a consequential injury, following and growing out of acts constituting a trespass. * * *

"The liability of the defendant is based upon a wrongful act, and the nature of the act, and not the consequences, determines his liability. He was engaged in an unlawful act, and therefore was liable for all of the consequences, indirect and consequential as well as direct, and there is no occasion to discuss the degree of his negligence in permitting the shop to burn, if the fire was caused by the fire he builded. This accountability for the consequences is not affected by the form of action."

3 Comp. Laws, § 10400, was amended by Act No. 77, Public Acts of 1905 (5 How. Stat. [2d Ed.] § 13114), to read as follows:

"The distinction between the actions of 'trespass' and 'trespass on the case' is hereby abolished; and in all cases where 'trespass' or 'trespass on the case' has been heretofore the appropriate form of action, either of said forms may be used, as the party bringing the action may elect. And counts in trespass and trespass on the case may be joined in the same action."

At the same time (Act No. 168, Pub. Acts 1905, and Act No. 239, Pub. Acts 1909), an action for trespass to lands must be begun within two years next after the cause of action accrues, while the general statute of limitations affecting the personal actions gives a longer period than two years in which to begin suit.

Now, as well as before the act abolishing the distinction between actions of trespass and trespass on the case was passed, the declaration should advise the defendant whether the suit is brought to recover damages for the direct injuries resulting from a trespass or for consequential injuries other than damages to

the freehold, or for both. But there seems to be no objection to joining in a case like the one here presented counts, one of which does, and the other does not, allege an original wrongful act or entry, the consequences to plaintiff being, and being alleged to have been, the same. The first count in the declaration before us is a count in case. The averment therein of negligent conduct is at least descriptive of the conduct proven.

Whether the original entry of defendant was wrongful depended upon whether the land entered upon was or was not a highway. Defendant's liability might depend upon whether the original entry was wrongful. Defendant might be liable—depending upon the proofs —although he made no entry upon plaintiff's land. Plaintiff's demand was not for this reason uncertain, nor are conflicting claims asserted in the declaration. And he should not have been compelled to risk recovery upon an affirmation or denial of the fact of an original wrongful entry.

Errors are assigned upon rulings admitting and rejecting testimony, and upon the refusal to instruct the jury as requested, and upon the charge given. Some of these are disposed of by what has been already said.

It is urged that the court was in error in ruling that no highway existed where the entry was made and fires were set. It is said the existence of the highway is recognized in the pleading, and plaintiff estopped to deny its existence. The declaration does not sustain the premise upon which the argument is based. Moreover, the first count of the declaration upon which recovery was had alleges an entry upon plaintiff's lands. There was testimony warranting the verdict which was returned, and, assuming the theory according to which a recovery was permitted to have been a proper one, the charge of the court is not open to the criticisms

of it which are made. A contention is made in appellant's reply brief not made in his main brief, to which we make no further reference.

Finding no error, the judgment is affirmed.

MCALVAY, C. J., and BROOKE, KUHN, STONE, BIRD, MOORE, and STEERE, JJ., concurred.