SAMUEL K. WOLCOTT et al., Plaintiffs, v. JOHNSON, DRAKE AND PIPER, INC., et al., Defendants.

AMELIA L. FERRIN, as Executrix of LOUISE A. MEYER, Deceased, Plaintiff, v. JOHNSON, DRAKE AND PIPER, INC., et al., Defendants.

FAY S. QUICK, Plaintiff, v. JOHNSON, DRAKE AND PIPER, INC., et al., Defendants.

Supreme Court, Trial Term, Chemung County, October 20, 1950.

*Ralph Cramer* for defendants.

*John Sullivan* for Samuel K. Wolcott and another, plaintiffs.

*L. H. Teeter* for Amelia L. Ferrin and another, plaintiffs.

McAVOY, J. The defendants, hereinafter referred to as the contractors, move for a dismissal of the first cause of action alleged in the complaints, on the ground that it does not state

facts sufficient to constitute a cause of action, and is insufficient in law.

The plaintiffs seek a recovery under this cause of action on the theory that they are third-party beneficiaries, pursuant to the provisions of a contract (and specifications which are a part thereof) entered into in 1946, between the United States Government and the contractors, whereby the contractors were to perform certain work in connection with the Elmira Flood Protection Project.

It is alleged in such cause of action that certain buildings owned by plaintiffs were damaged as a result of the performance of such work.

The contract and specifications contain certain provisions, which plaintiffs claim, indicate an intention on the part of the Government to protect adjoining property owners from damage, and they rely in particular on a paragraph of the specifications known as S. C.-19, which provides as follows: " Protection of Existing Structures, Utilities and Work. a. The Contractor shall protect all existing structures, utilities and work of any kind against damage or interruption of service. Damage or interruption of service resulting from failure to do so shall be repaired or restored promptly by or at the expense of the Contractor."

It seems clear that this provision of the specifications places a responsibility upon the contractor to protect all existing structures against damage resulting from his prosecution of the work.

It also seems to be the intent of this provision that in case of the contractor's neglect to so protect such structures, he must then repair the damage caused thereby or the same may be repaired at his expense. If such were not the intent of this provision, it would otherwise be meaningless.

I am unable to distinguish in principle between the intent of this provision of the specifications in the present case and the one set forth in the specifications involved in the case of *Coley* v. *Cohen* (289 N. Y. 365, 368).

There, one of the specifications provided as follows: " All blasting necessary on this contract shall be done with the express provision that the Contractor shall be and is hereunder responsible for any and all damages and claims arising from such blasting   *   *   *   and for the defense of all actions arising from such causes."

In the *Coley* case, the court rejected the claim of the defendant that this provision should be construed, in the light of the contract as a whole, to protect only the city and sewer authority against suits, and specifically stated that such provision dealt additionally with an obligation not otherwise provided for in the contract — whereby the authority undertook to provide protection to *third* persons for personal injury and property damage arising through blasting operations, where no such obligation would otherwise exist.

Furthermore, the court held that there was nothing novel in the language of such clauses, and that these provisions are not unusual in present-day contracts for public improvements, where *negligence* of the contractor as a necessary basis of recovery is eliminated. It is also significant that the court pointed out that such provisions in public improvement contracts are in the public interest, and where these provisions are found, a third-party beneficiary may maintain an action on the agreement.

The case of *Yearsley* v. *Ross Constr. Co.* (309 U. S. 18) and similar cases cited by the defendants are not in point, as in those cases there was no contract between the United States Government and the contractors imposing a liability upon such contractors for damage caused in the prosecution of the work.

The motion of the defendants to dismiss the first cause of action in plaintiffs' complaints is accordingly denied.