122 So.2d 432 (1960)
Iva H. LEONARD, Appellant,
v.
NAT HARRISON ASSOCIATES, INC., Appellee.
No. 1392.
District Court of Appeal of Florida. Second District.
August 10, 1960.
Frederick E. Hollingsworth of Farish & Farish, West Palm Beach, for appellant.
W.C. Owen, Jr., of Miller, Cone, Owen, Wagner & Nugent, West Palm Beach, for appellee.
SHANNON, Judge.
This is an appeal from a final judgment consequent upon the granting of a motion to dismiss the plaintiff-appellant's amended complaint.
The amended complaint alleges that the plaintiff was a tenant in lawful possession of certain premises and that defendant wrongfully, unlawfully and without authority or the consent of the plaintiff drove a truck upon the premises of the plaintiff, and as a direct and proximate result of the wrongful breaking and entering by the defendant the steps of the plaintiff were damaged. Also in the same count of the amended complaint the plaintiff alleged that as a direct and proximate result of the wrongful breaking and entering by the defendant, plaintiff subsequently fell and sustained great bodily injury. This occurred when plaintiff attempted to use the steps some nine days after defendant's entry upon the land.
The trial court granted defendant's motion to dismiss, saying in part:
"* * * [N]ine days elapsed, within which the plaintiff could observe *433 and could use the broken steps in question, and therefore the effect of the direct invasion was broken, and the cause of action is trespass on the case, to which the defense of contributory negligence is available. * * *."
The plaintiff has posed two questions as follows:
1. Does the amended complaint contain sufficient allegations to state a cause of action?
2. Could the plaintiff claim damages for personal injuries in an action for trespass or was she required to bring separate action of trespass on the case to recover for her personal injuries?
The defendant in its brief has conceded that the plaintiff is entitled to at least nominal damages for the injury to the steps and also has conceded that if the personal injuries received by the plaintiff are a direct and immediate result of the trespass they can be brought in the same action of trespass. But, the defendant argues, notwithstanding this, the defense of contributory negligence is still available as to those injuries and resulting damages which lie outside of the classical common law definition of "trespass", namely, those that are indirect and consequential. The plaintiff, on the other hand, argues that this being an action of trespass quare clausum fregit, the theory of negligence is not involved.
Historically the roots of trespass were criminal and punitive, rather than compensatory. As the law developed in time this became a sort of intentional tort  but intentional does not have its usual meaning here, as the intentional element can be implied. Thus, in reality, negligent acts of a defendant will support trespass, but the word, negligence, is not used. By avoiding use of the word, negligence, the doctrine of contributory negligence is similarly banned. As Justice Sebring stated for the Supreme Court in the case of Harris v. Baden, 1944, 154 Fla. 373, 17 So.2d 608, 612:
"At the common law, every entry upon another's land, except by consent, was deemed a trespass for which satisfaction would lie. * * *."
Thus, in an action for trespass, the plaintiff is entitled to at least nominal damages on proof of entry without consent. Both parties agree to this point, and the issue here is the personal injuries which plaintiff alleges are immediate and direct. Whether on proof the plaintiff can sustain her allegations is a question that neither this court nor the trial court can determine at this time.
The case of St. Petersburg Coco-Cola Bottling Company v. Cuccinello, Fla. 1950, 44 So.2d 670, definitely determines that contributory negligence is not a proper defense to trespass. In that case recovery was allowed in a complaint of trespass quare clausum fregit for injuries to a child struck by the defendant's truck while trespassing on the premises owned by the plaintiff's father. The court had this to say, at page 672:
"The second plea alleges simple contributory negligence on the part of the plaintiff. Contributory negligence is not a defense to an action for trespass. * * *."
The amended complaint, here, alleges that the injury to the plaintiff was a direct and proximate result of the wrongful breaking and entering by the defendant. The truth of this allegation involves a factual determination, and depends upon the testimony. If the injury was, in fact, direct and immediate, it is a trespass; but on the other hand, if it is consequential or collateral it will be trespass on the case. While nine days may not seem, on its face, to be either direct or immediate, there is this question of proof, and we must conclude that the trial court was in error in sustaining the motion to dismiss.
Since the distinction between "immediate" and "consequential" will undoubtedly be important in further proceedings in this case, we may note in passing how this matter is treated in Jordan v. Wyatt, 4 Grat. 151, 45 Va. 151, 154:

*434 "`The terms "immediate" and "consequential" should * * * be understood, not in reference to the time which the act occupies, or the space through which it passes, or the place from which it is begun, or the intention with which it is done, or the instrument or agent employed, or the lawfulness or unlawfulness of the act; but in reference to the progress and termination of the act, to its being done on the one hand, and its having been done on the other. If the injury is inflicted by the act at any moment of its progress, from the commencement to the termination thereof, then the injury is direct or immediate; but if it arises after the act has been completed, though occasioned by the act, then it is consequential or collateral, or, more exactly, a collateral consequence.'"
Reversed.
ALLEN, C.J., and LOVE, WM. K., Associate Judge, concur in the order of reversal but do not concur in the opinion.
ALLEN, Chief Judge (specially concurring).
I concur in the judgment reversing the lower court since the court erred in sustaining a motion to dismiss the complaint as the plaintiff would be entitled to at least nominal damages in the breaking of the enclosure of the plaintiff and from damage to the steps. This the appellee concedes.
The amended complaint alleged, in effect, that the defendant's servant and employee wrongfully drove a truck owned by the defendant upon the premises rented by the plaintiff and unlawfully broke and entered upon the said premises; unlawfully drove the truck against the steps at the entrance of plaintiff's home located upon said premises; and, as a direct result, the support of the steps were split and broken and the bottom step was split and broken; that some nine days thereafter the plaintiff, while attempting to use the steps, sustained great bodily injury, etc. On motion, the lower court dismissed the complaint by the following order:
"This cause coming before the Court on motion to dismiss the amended complaint herein, and it appears from the contention of the plaintiff that, once a trespass quare clausum fregit has been committed, thereafter the trespasser is liable, as a matter of law, for injuries sustained by the owner, tenant, or any person lawfully in possession of the premises. The plaintiff refers to the `Squib case,' and to the Van Alstyne case [Van Alstyne v. Rochester Telephone Corp., 163 Misc. 258], (296 N.Y.S. 726), which allowed recovery for the poisoning of the plaintiff's dogs on the plaintiff's premises. The Court concurs with the two cases above noted, but points out that in this case there was not a continuous sequence of events, as in the two cases noted, over which the plaintiff had no control; but on the contrary, nine days elapsed, within which the plaintiff could observe and could use the broken steps in question, and therefore the effect of the direct invasion was broken, and the cause of action is trespass on the case, to which the defense of contributory negligence is available. Plaintiff notes that forms of action and technical forms for seeking relief are abolished. This is true, but the causes of action remain, e.g. `trespass on the case.' There is no allegation that the plaintiff did not know of or see the broken steps in question and could not, by the exercise of reasonable care, have known of or seen the broken steps in question. It is noted that the ruling herein made, as to the plaintiff, who is a tenant, has no bearing upon the right of the owner (or the tenant if so alleged) to recover damages to the property as a result of the trespass. It is thereupon
"Ordered that the defendant's motion to dismiss the amended complaint is *435 hereby granted, and the plaintiff shall have 10 days in which to further plead."
Pursuant to the above order, a final judgment was entered in favor of the defendant and an appeal was taken to this court.
The plaintiff alleged two types of injuries: (1) damage to the steps, and (2) damages for physical injuries sustained by the plaintiff. Therefore, the plaintiff would be entitled, from the allegations of the complaint if proven, to secure damages for the steps caused by the trespass, even if the personal injuries were not immediate and, therefore, not provable under trespass.
Under technical common law pleadings, a trespasser was liable for damages in trespass for breaking the enclosure and for other direct and immediate damages that resulted therefrom. If damages or injuries were not immediate then action on the case was the remedy.
It is apparent the parties, as well as the able trial judge, were concentrating on the personal injuries to the plaintiff, and not the breaking of the close or damage to the steps which were incidental, and, therefore, the double aspects of the complaint were overlooked. The damage to the steps was direct and immediate, so trespass was the proper remedy; while the injury resulting from use of the steps by the plaintiff some nine days after the direct damage to the steps by the trespass and the injuries that resulted therefrom were consequential and not immediate, so case would be the technical remedy. While the appellant argues that the complaint was in trespass and the court held in case and dismissed the complaint, we think the complaint actually combined both trespass and case. Motion to dismiss was not the proper remedy for the defendant to use since even breaking the close of another would state a cause of action. A motion to strike or motion for summary judgment or, on trial, an objection to the evidence for damages for personal injuries could be used to separate the damages for immediate trespass and those that were mediate and consequential.
Due to the unique nature of this case, we believe it necessary to discuss the various distinctions between trespass and trespass on the case, or case, as it was often called. These distinctions will be very important in any subsequent proceedings on the remand of this action to the lower court.
Chitty, in the 16th American Edition, 1883, page 181, discusses the nature of injuries ex delicto:
"Personal action in form ex delicto, and which are principally for the redress of wrongs unconnected with contract, are case, trover, replevin, and trespass vi et armis. Mixed actions are ejectment, waste, &c. Before we consider the application of these remedies, it is advisable to take a concise view of the nature of the different injuries ex delicto, because they in general govern the form of the action. Thus if the injury be forcible, and occasioned immediately by the act of the defendant, trespass vi et armis is the proper remedy; but if the injury be not in legal contemplation forcible, or not direct and immediate on the act done, but only consequential, then the remedy is by action on the case; and there are other points relating to the nature of injuries, which as they affect the form of the action, it is material to ascertain.
"Injuries ex delicto are in legal consideration committed with force, as assaults and batteries, &c. or without force, as slander, &c. They are also immediate and direct, or mediate and consequential. It is frequently difficult to determine when the injury is to be considered forcible or not, and when immediate or consequential, and therefore whether trespass or case is the proper remedy.

"Force is, in legal consideration, of two descriptions, either implied by law, or actual; force is implied in every *436 trespass quare clausum fregit. The distinction is material, and is thus put in Salkeld: `If one enter into my ground, I must request him to depart, before I can lay hands on him to turn him out; for every impositio manuum is an assault and battery, which cannot be justified upon the account of breaking the close in law, without a previous request to depart; the other is an actual force, as in burglary, or breaking open a door or gate, and in that case it is lawful to oppose force to force; or if one break down the gate, or come into my close vi et armis, I need not request him to be gone, but may lay hands on him immediately; so if one come forcibly and take away my goods, I may immediately oppose him, for there is no time to make a request.' In the case of false imprisonment also force is implied. And the law implies force where a wife, daughter, or servant has been enticed away or debauched, though in fact they consented, the law considering them incapable of consenting; and therefore in such case trespass may be supported, though case for the consequence of the wrong has, till of late, been the more usual form of declaration. The degree of violence with which the act is done, is not material as far as regards the form of action, for if a log were put down in the most quiet way upon a man's foot, the action would be trespass; but if thrown into the road with whatever violence, and one afterwards fell over it, it would be case and not trespass. And trespass is the remedy where rubbish is laid so near my wall that the natural consequence is, that some of it rolls against and comes in contact therewith. With respect to injuries or rights to property not tangible, such as reputation and health, and real property incorporeal, as a right of way, common, &c.; as the matter or property injured cannot be affected immediately by any substance, the injuries thereto, however malevolent and however contrived, cannot be considered as committed with force.
* * * * * *
"An injury is considered as immediate when the act complained of itself, and not merely a consequence of that act, occasions the injury. Thus if a blow be given by one to another, or he drive a carriage and horses against him or his property, or if he pour water on another person or his land, or do any act thereon, or if a wild beast or other dangerous thing be turned out or put in motion, and mischief immediately ensue, or if a log be thrown into a highway, and in the act of throwing or falling, hit another, or if a party, as just observed, lay rubbish so near the plaintiff's wall that the necessary or natural consequence is, that some of it will roll, and it accordingly comes against the wall, the injury is immediate, and trespass is the remedy. And where a lighted squib was thrown in a market-place, and afterwards thrown about by others in self-defense, and ultimately hurt the plaintiff, the injury was considered as the immediate act of the first thrower, and a trespass, the new direction and new force given to it by the other persons not being a new trespass, but merely a continuation of the original force. It is a direct trespass to injure the person or another by driving a carriage against the carriage wherein such person is sitting, although the last-mentioned carriage be not the property of, nor in the possession of the person injured; * * *
"But where the damage or injury ensued not directly from the act complained of, it is termed consequential or mediate, and cannot amount to a trespass. Thus, in the instance just stated, if a log, in the act of being thrown into the highway, hit another, the injury is immediate; but if after it has reached the highway, a person fall over it and be hurt, the injury is only consequential, and the remedy *437 should be case, for wrongfully or carelessly throwing and leaving the timber in the road. So if a person pour water on my land, the injury is immediate; but if he stop up a water course on his own land, whereby it is prevented from flowing to mine as usual, or if he place a spout on his own building, in consequence of which water afterwards run therefrom into my land, the injury is consequential; because the flowing of the water, which was the immediate injury, was not the wrongdoer's immediate act, but only the consequence thereof, and which will not render the act itself a trespass or immediate wrong."
In Blackstone, Ehrlich's 1959 Edition, page 575, the great English legal scholar described trespass:
"Trespass, in its largest and most extensive sense, signifies any transgression or offense against the law of nature, or society, or of the country in which we live; whether it relates to a man's person or his property. Therefore, beating another is a trespass; for which (as we have formerly seen) an action of trespass in assault and battery will lie; taking or detaining a man's goods are respectively trespasses; for which an action of trespass, or on the case in trover and conversion, is given by the law; so, also, nonperformance of promises or undertakings is a trespass, upon which an action of trespass on the case in assumpsit is grounded: and, in general, any misfeasance, or act of one man whereby another is injuriously treated or damnified, is a transgression or trespass in its largest sense; for which, we have already seen, that, whenever the act itself is directly and immediately injurious to the person or property of another, and therefore necessarily accompanied with some force, an action of trespass will lie; but, if the injury is only consequential, a special action of trespass on the case may be brought." (Emphasis added.)
Vol. XXIV, Standard Encyclopaedia of Procedure, Trespass, page 921, discusses the nature of trespass and case in the following manner:
"The action of trespass is a remedy for a tort committed with force, the immediate and direct consequence of which is injury. Trespass lies for injury to the person, for injury to personal property, and for injury to real property; the species being known respectively as trespass vi et armis, trespass vi et armis de bonis asportatis, or commonly trespass de bonis asportatis, and trespass quare clausum fregit.
"The action of trespass will not lie if the injury is consequential whether it results from the negligent or wilful act of the defendant; or if the wrong complained of is a nonfeasance; or if the matter affected is intangible, or the right affected is incorporeal. But when the injury which forms the gist of the action is both immediate and forcible or wilful, trespass is the only remedy. When an injury is the direct and immediate and inevitable result of negligence, trespass will lie according to most authorities, and according to some, trespass is the only remedy, though others hold that case will lie also at the election of the party."
Under note 9(a), page 921, of the same authority, it is stated:
"`The terms "immediate" and "consequential" should * * * be understood, not in reference to the time which the act occupies, or the space through which it passes, or the place from which it is begun, or the intention with which it is done, or the instrument or agent employed, or the lawfulness or unlawfulness of the act; but in reference to the progress and termination of the act, to its being done on the one hand, and its having been done on the other. If the injury is inflicted by the act at any moment of its progress, from the commencement to the termination thereof, *438 then the injury is direct or immediate; but if it arises after the act has been completed, though occasioned by the act, then it is consequential or collateral, or, more exactly, a collateral consequence.'" Jorday v. Wyatt, 4 Grat. [151] 45 Va. 151, 154. (Emphasis added.)
* * * * * *
"`The injury is always direct when a wrong act is done and the consequence is such as might reasonably follow; as, if a man strike a horse upon which another is sitting, by which he is thrown and injured, the action is trespass * * * because it is an event which may reasonably follow, and in direct connection with the act done.'" Johnson v. Perry, 2 Humph. (Tenn.) 569.
"When the act itself is complained of, trespass vi et armis is the proper action. But case is proper when the consequences are complained of." Kelly v. Lett, 35 N.C. 50.
McBaine cites the following early English cases deciding questions of law in both trespass and trespass on the case. These cases appear in his "Introduction to Civil Procedure," American Casebook Series:
In the case of Leame v. Bray, King's Bench, 1803, 3 East, 593, 102 Eng. Reprint, 724, (pages 14 and 15) the Court stated:
"* * * The distinction which was taken in Reynolds v. Clarke, 2 Lord Ray. 1402, * * * has been adopted in all the subsequent cases, that where the immediate act itself occasions a prejudice or is an injury to the plaintiff's person, &c. there trespass vi et armis will lie: but where the act itself is not an injury, but a consequence from that act is prejudicial to the plaintiff's person, &c., there trespass vi et armis will not lie, but the proper remedy is by an action on the case. * * *
"Le Blanc, J. In many of the cases the question has come before the Court upon a motion in arrest of judgment, where the Court in determining whether trespass or case were the proper remedy, have observed on the particular language of the declaration. But in all the books the invariable principle to be collected is, that where the injury is immediate on the act done, there trespass lies; but where it is not immediate on the act done, but consequential, there the remedy is in case. And the distinction is well instanced by the example put of a man's throwing a log into the highway: if at the time of its being thrown it hit any person, it is trespass; but if after it be thrown, any person going along the road receive an injury by falling over it as it lies there, it is case. Neither does the degree of violence with which the act is done make any difference; for if the log were put down in the most quiet way upon a man's foot, it would be trespass; but if thrown into the road with whatever violence, and one afterwards fall over it, it is case and not trespass. So here, if the defendant had simply placed his chaise in the road, and the plaintiff had run against it in the dark, the injury would not have been direct, but in consequence only of the defendant's previous improper act. Here however the defendant was driving the carriage at the time with the force necessary to move it along, and the injury to the plaintiff happened from that immediate act: therefore the remedy must be trespass: and all the cases will support that principal. * * *"
It is stated in 52 Am.Jur., Trespass on the Case, § 5, p. 901:
"* * * Generally speaking, trespass on the case lies for an injury resulting from a wrongful act other than physical force, or for an injury resulting from nonfeasance or negligence, or for an injury which is a consequential, as distinguished from a direct or immediate, result of the *439 wrongful act. An injury is considered as immediate and therefore remediable by an action of trespass as distinguished from trespass on the case, only when it is directly occasioned by, and is not merely a consequence resulting from, the act complained of * * *."
Again, in 52 Am.Jur., Trespass on the Case, § 11, p. 903, it is stated:
"Trespass on the case is regarded as the appropriate common-law remedy for an injury resulting from an act of force applied by the defendant, where the harm or injury inflicted is a collateral, indirect, or mediate result of the wrongful act, as distinguished from one which is direct or immediate. An injury has been regarded as a collateral consequence within the meaning of this rule where it arises after the original force, or vis impressa, has been completed and has ceased to act, as distinguished from an injury resulting from an act during some moment of its progress from the commencement to the termination thereof, where the proximate cause of the injury is but a continuation of the original force. Hence, trespass on the case lies at common law to recover damages resulting from some intervening act produced by that which is the gist of the action.
"§ 12. Negligence.  Under common-law practice, trespass on the case is a proper remedy for the recovery of damages for an injury resulting from negligence. This rule has not been confined to cases where the harm or injury inflicted is a collateral, indirect, or mediate result of the negligence, but has even been regarded as applicable in cases where the harm or injury is the direct or immediate result thereof, at least where the negligence consists of mere nonfeasance, as distinguished from misfeasance. Trespass on the case has also been held to lie for bodily injury resulting from fright or other emotion produced by the defendant's negligence."
In 52 Am.Jur., Trespass on the Case, § 35, it is stated:
"§ 35.  Averment of Injury or Damage.  Trespass on the case is regarded as the appropriate common-law remedy for an injury resulting from an act of force applied by the defendant, where the harm or injury inflicted is a collateral, indirect, or mediate result of the wrongful act, as distinguished from one which is direct or immediate. Hence, the allegations should clearly show that the injury was the consequential, and not the direct, result of the defendant's acts. On the ground that an ad damnum clause is a matter of substance, it has been held that an omission thereof constitutes sufficient ground for sustaining a demurrer to the petition or complaint."
In the early Florida case of Crawford & Seat v. Waterson, Fla. 1854, at the Tampa Term, 5 Fla. 472, the Court held that trespass vi et armis, and not case, was a proper remedy where the injury was immediate and direct.
In its opinion the Court stated in the Crawford case that this was an action of trespass on the case instituted by the plaintiffs to recover damages sustained in the unlawful seizure and sale of a quantity of lumber. The defendant demurred on judicial gounds which were sustained by the lower court. The Court then stated that for an injury and damage sustained by a party, the proper remedy and redress was by suit in the State Courts and that, therefore, the Court erred in dismissing the cause on judicial grounds. The Court then stated that the Court rightfully sustained the demurrer since the suit that was brought was action on the case and not trespass. The Court, in its opinion, said:
"The plaintiffs allege `that under the authority of the Quarter Master of the United States they received permission to cut lumber off the military reserve, *440 and in pursuance of such order, they did cut sixty thousand feet of lumber, when defendant, without authority, took the same, and held the same in his custody till he sold them.' Here we perceive `an injury in its character forcible, and occasioned immediately by the act of defendant, in which case the action of trespass vi et armis is the proper remedy.' 1 Chitty Pl., 142.
"Nor is it necessary that actual force be proved in case of trespass for the asportation of goods. [Gibbs v. Chase], 10 Mass. 125.
"The distinction is between acts that are `immediate and direct,' in which trespass is the appropriate remedy, and such as are mediate and consequential, in which case lies. 1 Chitty, 142.
* * * * * *
"The second count alleges that `when the seizure was made, the plaintiffs cleared by their mill $25 a day, and would have continued to do so for a long space of time, had they not been compelled to desist, by the seizure of defendant, and his pretended authority as timber agent.' What effect this might have, in an action of trespass, to enlarge the damages, it is not for us to decide on the present occasion; but this much we are satisfied, that it does not constitute a substantive ground of action, of itself. Courts give redress for injuries actually sustained, not for such as are speculative or suppositious  not for that which a party might by possibility make or have made.
* * * * * *
"The expense of going to Washington, and the loss of the dwelling house by fire, are not so connected with the act of trespass or injury as to constitute a cause of action, if indeed they could be used to increase the damages in an action of trespass."
In the case of St. Petersburg Coco-Cola Bottling Co. v. Cuccinello, Fla. 1950, 44 So.2d 670, cited by the appellant, a young child was killed by the defendant's truck while trespassing on the premises owned by the plaintiffs, the damages accruing by reason of the injury and death of the child was direct and immediate so trespass was the proper action to bring. It is noted, however, that the damages to the person of the plaintiff in the instant case occurred some nine days after the invasion of the premises of the plaintiff which resulted in the direct injury to the steps of her dwelling house.
In Norwood v. Eastern Oregon Land Co., 1931, 139 Or. 25, 5 P.2d 1057, 1061, 7 P.2d 996, the Court, in its opinion, said:
"* * * In our opinion, the action is trespass on the case, and comes within the provisions of section 1-206, subd. 1, of the Code, relative to the statute of limitations as a defense. The dam where the water was diverted was three or four miles distant from the land of the plaintiff. Therefore, in the commission of the wrongful act, there was no entry upon his land. The injuries which he sustained were not of the immediate and direct nature which is essential in an action for trespass. The damage to the crops and the lands followed as a consequence of the wrongful diversion of the water, but it cannot be said that they were the immediate and direct result of such wrongful act. As stated in 2 Words and Phrases, First Series, page 1442: `"Consequential damages" are those that follow naturally, but indirectly, from a wrong act.'
"Also see 26 R.C.L. 930, wherein it is said: `* * * An injury is a trespass only when is it immediate and directly occasioned by, and is not merely a consequence resulting from, the act complained of.'
"Dalton v. Kelsey, 58 Or. 244, 114 P. 464, 466, is squarely in point, and holds adversely to the contention of the respondent. In that case we note this significant language: `Kelsey is *441 not charged with interfering with the operation of the ditch upon plaintiff's land. It is imputed that he entered upon the ditch upon his own land and diverted the water so that it failed to reach the lands of plaintiff. In such contingency the remedy is by action on the case'  citing Farnham, Water Rights, § 483."
In Cribbs v. Stiver, 1914, 181 Mich. 82, 147 N.W. 587, 588 the Court, in its opinion, said:
"Now as well as before the abolishment of the distinction between actions of trespass and trespass on the case by Pub. Acts 1905, No. 77, the declaration should show whether the suit is for direct or consequential injuries, or both; * * *."
In Krueger v. Le Blanc and others, 1886, 62 Mich. 70, 28 N.W. 757, the Court held that in an action to recover damages for trespass on one's property in removing a certain fence, it is incompetent to prove, as a part of the damages, the trouble the plaintiff was put to in order to keep off cattle in consequence of said removal; such source of damages not having been pleaded, and being also too remote.
In an early Michigan case, Barry v. Peterson, 48 Mich. 263, 12 N.W. 181, the plaintiff sued to recover for damages to his building by rain dripping from the defendants' neighboring house and by snow thrown between the buildings and on his land from the latter. The Court stated that the injury being consequential and not direct, that case was the proper form of the action, and so far as damage from snow was concerned, there was proof that it was shovelled upon plaintiff's land from defendants' house by defendants' order. The Court held there was no error in holding the defendants liable for damage for this action. But the Court held that the lower court erred by holding the damage from rain dripping from the defendants' roof was absolute since such liability does not exist unless it arises from some fault or neglect of duty.
In the case of Butala v. Union Electric Co., 1924, 70 Mont. 580, 226 P. 899, 901, the Court noted that while the statute provided for only one form of civil action for enforcement and protection of private rights, and redress or prevention of private wrongs, the distinctions between the different causes of action still obtain, and the reasons underlying them are still the same; that an injury is a trespass only when it is directly occasioned by, and is not merely a consequence from, the act complained of.
In its opinion, the Court said:
"At the common law plaintiff's cause of action would have fallen into one of two classes  either trespass or trespass on the case, in the latter of which negligence is the very gist of the action.
"It is uniformly held that an injury is a trespass only when it is directly occasioned by, and is not merely a consequence resulting from the act complained of. Holly v. Boston Gas Light Co., 8 Gray (Mass.) 123, 69 Am.Dec. 233; Roundtree v. Bramley, 34 Ala. 544, 73 Am.Dec. 470.
"In Fleming v. Lockwood, 36 Mont. 384, 92 Pac. 962, 14 L.R.A.,N.S., 628, 122 Am.St.Rep. 384, 13 Ann.Cas. 97, this court said.
"`An action of trespass presumes the active agency on the part of the wrongdoer causing the injury, or, what is the same thing, the doing of the act wantonly or in total disregard of the other's right; while the action on the case assumes that the injury is consequential, or the direct injury is the result of negligence or nonfeasance. In other words, trespass implies wantonness, malice, or willfulness, while trespass on the case implies only negligence.'
"Therefore, in determining whether the plaintiff's alleged injury and damage could be redressed in an action of trespass or whether it was necessary *442 for him to allege and prove negligence, we may limit the inquiry to the question whether they were the direct result of defendant's act or only consequential. Thus limited, the question is easy of solution.
"The defendant's business was lawful. It had the legal right to construct a dam and impound the water of Lovell Warm Springs, to cause it to flow over its water wheels and then dump it into the Sturgis ditch. It did all these things in a proper manner. Its acts in doing them did not result in injury to the plaintiff. The plaintiff's injury and damage resulted from another and wholly independent cause, i.e., the accumulation of ice and snow in the Sturgis ditch in such quantities as to prevent the water from passing on down to the Beaverhead river and causing it to overflow the banks of the ditch and thence to and upon plaintiff's land. Clearly, this result did not flow directly from defendant's acts, but was only consequential. Therefore the plaintiff did not show a trespass upon his lands by the defendant. If he had a cause of action against defendant, it was upon the ground of negligence."
In the case of Summit Hotel Co. v. National Broadcasting Co., 1939, 336 Pa. 182, 8 A.2d 302, 306, 124 A.L.R. 968, which involved tort liability with reference to libel, the Court, after discussing the theory of torts without blame, said:
"To summarize, therefore, the cases mentioned, it may be stated that the doctrine of liability without fault has little or no place in torts involving injuries to the person, and its extension from the law of trespass to land has rarely been looked upon favorably in this State. In all of the exceptional cases there is a common ground of either antecedent negligence, or the assumption of a known risk of harm to others by intentional conduct. There is no element of injustice in imposing liability under such circumstances. Against the few exceptional situations in which absolute liability may have been applied, stands the great weight of modern authority that no man should be held liable for an unintentional injury resulting from the performance of a lawful act without negligence or wilful misconduct. Pennsylvania has expressly approved this trend of the law as expressed by Justice Holmes. See Ebbert et al. v. Philadelphia Electric Co., 330 Pa. 257, 269, 198 A. 323. It must be an unusual case, therefore, and one amenable to no other solution as a matter of public policy, that would require this Court to extend the exceptional doctrine of liability without fault into a new field of commercial enterprise involving no recognizable probability of danger."
In the case of Frye v. Baskin, Mo. App. 1950, 231 S.W.2d 630, 634, the Court held that where the evidence did not show a trespass on the part of the defendant, that the plaintiff was not entitled to abandon his trial court theory of negligence and proceed on the theory of trespass, that evidence did not establish negligence on the part of defendant as a matter of law.
The Court also held that appellate courts will review a case only on the theory presented in the trial court.
The Court, in its opinion, said:
"Furthermore, if you leave from the petition the allegation of negligence, which, for clarity, we have italicized, it does not charge trespass. It does not allege a forcible, wrongful, unlawful or tortious act upon the part of defendant and against the will of the plaintiff, neither does it allege facts from which such allegations could be deduced. It has been held that to state a cause of action in trespass, the petition must allege that the injury complained of was direct and immediate *443 upon the defendant's act and not merely consequential. Mawson v. Vess Beverage Co., Mo. App., 173 S.W.2d 606, loc. cit. 613. Though formal pleadings are not required in the magistrate's court, where plaintiff elected to so plead, he is bound to the same extent as if the action had originally been filed in the circuit court. Badgett v. Hartford Fire Ins. Co., 238 Mo. App. 797, 188 S.W.2d 761."
In Mawson v. Vess Beverage Co., Mo. App. 1943, 173 S.W.2d 606, 612, the petition alleged that the defendant, without consent of the plaintiff's parents, entered on the premises owned and occupied by plaintiff's parents and affixed to the building two metal signs advertising defendant's beverages and that subsequently plaintiff, then five years and eleven months of age, while attempting to remove one of the signs, severely cut himself, attempted to state a cause of action solely in "trespass" in the absence of an allegation that the signs affixed to building were in themselves dangerous or likely to injure anyone, that they attracted or were likely to attract children, or that they were negligently affixed in such manner as to render them dangerous.
In the above case the Court wrote a very comprehensive opinion dealing with the question of trespass and case. In this opinion it was stated that trespass comprehends not only forcible wrongs, but also acts the consequences of which make them tortious, and the gist of an action for trespass to property is the disturbance of possession of the property; that to constitute trespass, injury must be immediate and not consequential and if injury is merely consequential, action on the case, and not trespass, is proper remedy; that if injury be forcible, and occasioned immediately by act of defendant, trespass vi et armis, by force and arms, is proper remedy, but if injury be not in legal contemplation forcible, or not direct and immediate but only consequential, remedy is by "action on the case"; that an injury is "immediate" when act complained of itself and not merely a consequence thereof causes the injury, and where damage or injury ensued not directly from the act complained of it is termed "consequential" or "mediate" and cannot amount to a "trespass." To state a cause of action in trespass, the petition must allege that the injury complained of was direct and immediate upon defendant's act and not merely consequential.
In its opinion, the Court said:
"An action, for instance, based on negligence at common law is an action on the case or `Case.'
"As to the distinction between immediate injuries and those which are merely consequential, it is said: `An injury is considered as immediate when the act complained of itself, and not merely a consequence of that act, occasions the injury. Thus if a blow be given by one to another, or he drive a carriage and horses against him or his property, * * * or do any act thereon, or if a wild beast or other dangerous thing be turned out or put in motion, and mischief immediately ensue, or if a log be thrown into a highway, and in the act of throwing or falling, hit another, * * * the injury is immediate, and trespass is the remedy.' Chitty's Pleadings, 16th American Edition, Vol. 1, page 183 (Star paging 142).
"Other rules deducible from the famous work of Chitty's Pleadings, supra, may be summarized as follows: Trespass is an entry on another man's ground without lawful authority or justification and doing some damage, however inconsiderable, to his property. The law always couples the idea of force with that of trespass or intrusion upon the property of another. The action of trespass `vi et armis,' or by force and arms, or, in other words, by unlawful means, is the remedy for injuries accompanied with force or violence, or where the act done is in itself an immediate injury to another's person *444 or property. An injury is immediate when the act complained of itself and not merely a consequence of such act causes the injury. Where the damage or injury ensued not directly from the act complained of it is termed consequential or mediate and cannot amount to a trespass.

"In order to state a cause of action in trespass the petition must allege that the injury complained of was direct and immediate upon the defendant's act and not merely consequential.
* * * * * *
"In the case at bar, plaintiff, as we have heretofore pointed out, made no attempt whatsoever to state facts that would show negligence on the part of defendant and his action, therefore, cannot be said to be in Case. On the other hand, while the petition herein alleges a wrongful entry by defendant upon plaintiff's land, it does not state that plaintiff's injuries or any injury resulted naturally, directly, proximately or necessarily from such entry; nor does it state that any injury so resulted from the wrongful affixing of the signs to the building such as that the building was damaged or its use directly interfered with in some manner, however slight. The injury complained of in the petition herein was one sustained by plaintiff when he attempted to take down the `Cleo Cola' or upper sign. Not only does the petition fail to state that plaintiff's injuries were the natural, direct, immediate and necessary result of defendant's alleged wrongful entry and putting up of the signs, but, quite to the contrary, it affirmatively shows on its face that the injuries resulted directly from plaintiff's own voluntary independent action in taking down the signs after they were put up and, in this respect, showed no liability on defendant for injury resulting from trespass. Wecker v. Grafeman-McIntosh Ice Cream Co., 326 Mo. 451, 31 S.W.2d 974. The fact that plaintiff was a minor and therefore not accountable for his actions or not chargeable with negligence is immaterial because this is not a negligence case, as we have pointed out. It is a case in trespass, and therefore neither the negligence of defendant nor contributory negligence of plaintiff is involved.
"To charge trespass as the foundation of an action against a defendant the injury complained of must be shown to be one which resulted `naturally, necessarily, directly, and proximately in consequence of his wrong.' Bouillon v. Laclede Gas Light Co., 148 Mo. App. 462, 129 S.W. 401, 402.
* * * * * *
"The question arises as to this court's duty in disposing of the case. Should the judgment be reversed, or should it be reversed and the cause remanded on the theory that plaintiff might possibly make out a case of negligence against defendant? We are of the opinion that we are not authorized on this record to remand the cause.
"It has been held that where, as here, a complaint is framed solely on trespass and not upon negligence, plaintiff cannot, on failing to establish the trespass, recover in that suit for consequential damages claimed to have been caused by defendant's negligence. Gordon v. Ellenville & Kingston R.R. Co., 195 N.Y. 137, 88 N.E. 14, 47 L.R.A.,N.S., 462.
"In the above case the court said: `The complaint was not framed upon the theory of defendant's negligence, but solely upon the ground of its wrongful and unlawful invasion of the plaintiff's lands. This is not an immaterial or technical variance in pleading which, under the liberal rules of the Code, may be disregarded in the interests of justice. It involves a substantial distinction based upon well-defined legal principles which cannot be ignored. "Pleadings and a distinct *445 issue are essential in every system of jurisprudence, and there can be no orderly administration of justice without them. If a party can allege one cause of action and then recover upon another, his complaint will serve no useful purpose, but rather to ensnare and mislead his adversary." (Citations omitted.)'"
If, on the trial of this case, the evidence adduced shows that the personal injuries of the plaintiff resulted from causes not direct and immediate from the trespass of the defendant, then the liability of the defendant should be tested under the theory of trespass on the case or normal negligence actions.
LOVE, WM. K., Associate Judge (specially concurring).
I concur in the opinions of Judge SHANNON and Judge ALLEN wherein they hold that the complaint adequately stated a cause of action in trespass quare clausum fregit.
I am compelled to dissent from that portion of the opinion by Judge SHANNON which holds sufficient the allegation that the injury suffered by the plaintiff while attempting to use the injured steps some nine days after the breaking of the enclosure occurred as a direct and proximate result of the wrongful breaking and entering by the defendant. To the writer it affirmatively appears from such allegation that such damages did not follow immediately and directly from the force of the act and therefore are not recoverable in the action of trespass quare clausum fregit. Such damages could only be recovered, as the able trial judge ruled, under an action founded in trespass on the case. To such latter action the issues would be materially different as contributory negligence could properly be pleaded as was attempted in the court below.
It is my feeling that the rules of pleading should be followed by the plaintiff filing separate causes of action, one in trespass, seeking damage for the injury to the realty, deprivation of the right of possession, etc., and the other in trespass on the case, seeking damages for the injuries to the person. Such procedure will permit the orderly determination and trial of issues of liability.