## SOUTHERN BELL TEL. & TEL. CO. v. R. H. WRIGHT, Inc., et al.

No. 65-1326-L.

Circuit Court, Duval County.

July 6, 1965.

---

Harold B. Wahl of Loftin & Wahl and William S. Connelly, all of Jacksonville, for plaintiff.

James E. Cobb of Mathews, Osborne & Ehrlich, Jacksonville, for defendants.

CHARLES A. LUCKIE, Circuit Judge.

This cause came on to be heard, after due notice and argument of counsel, on defendants' motion to dismiss each and every count or cause of action in the complaint.

As permitted by Florida Civil Procedure Rule 1.8(f), plaintiff has joined different cases of injury to submarine and underground cable allegedly done by one and/or both defendants on two state road department road contracts. Plaintiff alleges that under the road department contracts (sec. 7.11 of specifications made a part thereof), the defendants were obligated to do their work in a reasonable and prudent manner so as to preserve from damage all property along the line of work, etc., including public utilities.

The law is settled that a third party beneficiary, such as the plaintiff public utility here, may enforce such a contract if it has been violated and plaintiff has been damaged. See Michel v. American Fire and Casualty Co. (C.A. Fla. 1936), 82 F.2d 583; Seward v. So. Fla. Securities (C.A.Fla. 1938), 96 F.2d 964; Am. Surety Co. of N.Y. v. Smith (1930), 100 Fla. 1012, 130 So. 440; Southeastern H. Mtg. Co. v. MacNeill (Fla. DCA3, 1965), 174 So.2d 472, 475; and Wolcott v. Johnson, et al. (1950), 100 N.Y.S. 2d 990, 992, 198 Misc. 874.

As stated in the Wolcott case in citing supporting authority (Coley v. Cohen, 289 N.Y. 365, 45 N.E.2d 913, 915) — "Furthermore, the court held there was nothing novel in the language of such clauses, and that these provisions are not unusual in present day contracts for public improvements, where negligence of the contractor as a necessary basis of recovery is eliminated."

A complaint almost identical to the second and fifth causes of action here was upheld against motion to dismiss, based on the above authorities, on April 6, 1965, by the circuit court of Escambia County, Florida, in Southern Bell v. Noonan Construction Company, Inc., case no. 64-923.

As to the third cause of action for simple trespass, see Leonard v. Harrison (Fla. D.C.A.2, 1960), 122 So.2d 432; Smith v. McCullough Dredging Co. (Fla. D.C.A.3, 1963), 152 So.2d 194; Illinois Bell Tel. Co. v. Chas. Ind Co. (Ill. 1954), 121 N.E.2d 600; and Wisconsin Telephone Co. v. Reynolds (Wisc. 1958), 87 N.W. 2d 285, all dealing with simple trespass. Cf. F.S. 362.01, and 32 Fla. Jur., Trespass, secs. 8 and 12, 1965 Cum. Supp.

In Wisconsin Telephone Company v. Reynolds, supra, the Supreme Court of Wisconsin held — "Where landowner's grading contractor excavated and broke telephone company's underground cable, which company had easement to maintain in the land, a *trespass* was perpetrated, and contractor was liable to company for damages to cable, *even though negligence was not established.*" (Headnote 3).

Further, the court said at page 288 — "*Even though negligence had not been established, it is clear that a trespass was perpe-*

*trated.* Manifestly intermeddling by the defendant's employees was intentional. Notwithstanding that the break occurred because of accident as claimed by the defendant's employee, the defendant is bound to respond to the plaintiff for the damages which ensued."

And, in Illinois Bell Telephone Company v. Chas. Ind. Co., supra, the Illinois court discussed in detail numerous authorities from New York, New Jersey, Massachusetts, Ohio, Pennsylvania, Michigan, Wisconsin and Illinois, and said — "Permit granted by city to contractor to install storm sewer in city street, gave contractor no right to interfere with telephone company's underground cable buried in parkway along street pursuant to permission granted by city, and when contractor's excavating machine struck and damaged the cable, *contractor committed a trespass for which it was liable to telephone company.*" (Headnote 4).

Further, at page 604, the court observed — "Any other rule might result in the utter destruction of public utility lines without liability."

At page 605, it quoted approvingly from the New Jersey court, and said — "He was chargeable with knowledge of the fact that most of our public thoroughfares contain beneath their surfaces gas pipes, water pipes, conduits containing telegraphs, telephone, trolley, electric light wires, etc. One cannot be permitted to shut his eyes to this condition and blindly go on and dig up a street without taking that degree of care necessary to refrain from interfering with and injuring the property of others. * * * Conduits are property subject to ownership and one wrongfully or negligently causing injury is liable."

And at page 608, the court held — "Under the authorities, it was the duty of the defendant to inform itself of the location of plaintiff's property, and the plaintiff cannot be held contributorily negligent as a legal proposition because it did not seek out the defendant and inform it where its conduit and cables were located, nor was it the duty of the plaintiff to check the records of the municipality to ascertain to whom permission had been given to excavate at the place where plaintiff had buried its conduits and cables."

It is likewise the law in Florida, as set up in Leonard v. Harrison and Smith v. McCullough Dredging Co., supra, citing St. Petersburg Coca-Cola v. Cuccinello (Fla. 1950), 44 So.2d 679, that in a situation like that here "where injury results directly and immediately from act of defendant and is not merely consequential, cause of action is for 'simple trespass' and contributory negligence is no defense."

As to the sixth cause of action claiming punitive damages, see Western Union v. Arundel, 1944 A.M.C. 948, where Judge Strum of the United States District Court for the Southern District of Florida (formerly Chief Justice of the Florida Supreme Court) squarely held — "Punitive damages may be allowed in an action at law by a jury for damages by a dredge to a submarine cable, where the dredge had been notified of the presence of the cable, but had refused to cease operations until the cable could be protected."

The first and fourth causes of action proceed on proper allegations of negligence.

The court holds, therefore, that each count or cause of action in the complaint states a valid cause of action, assuming plaintiff can prove its allegations.

Upon consideration, therefore, it is ordered — (1) The motion to dismiss be, and the same is hereby, denied, as to each and every count or cause of action in the complaint. (2) Defendants shall each have until July 21, 1965, within which to answer said complaint.